## METROPOLITAN RAILROAD COMPANY *v.* MOORE.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued April 21, 1887. — Decided May 2, 1887.

An appeal lies to the general term of the Supreme Court of the District of Columbia from a denial by that court in special term of a motion for a new trial, made on the ground that the verdict was against the weight of evidence; but the legal discretion of that court respecting the disposition of such a motion is not reviewable in this court.

*Stewart* v. *Elliott*, 2 Mackey, 307, overruled.

When Congress adopts a state system of jurisprudence, and incorporates it, substantially in the language of the state statute creating it, into the Federal legislation for the District of Columbia, it must be presumed to have adopted it as understood in the State of its origin, and not as it might be affected by previous rules of law, either prevailing in Maryland, or recognized in the courts of the District.

THIS was an action at law, brought by the defendant in error, in the Supreme Court in the District of Columbia, against the plaintiff in error, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servants in the management of its cars while running upon a street railroad in the city of Washington. On the trial of the cause, and after the testimony for the plaintiff was closed, the defendant asked the court to instruct the jury that, upon the testimony offered in behalf of the plaintiff, he was not entitled to recover. This was refused, and an exception taken. The jury returned a verdict in favor of the plaintiff for $5000, on which judgment was rendered. The defendant thereupon filed a motion for a new trial on the

following grounds: 1st, because the verdict was against the weight of evidence; 2d, because the verdict was against the instructions of the court; 3d, because the damages awarded by the jury were excessive; and also upon exceptions taken at the trial.

The record then showed the following proceedings: "The motion for a new trial coming on to be heard upon the pleadings, the testimony, and the rulings of the court as set forth in said pleadings, and in the stenographic report filed herewith and marked Exhibit A, which said report contains all the testimony in the case and the rulings of the court, the same is hereby overruled; and from the order of the court overruling said motion the defendant hereby appeals to the court in general term. And thereupon the defendant, by its said attorney, tenders to the court here its bills of exception to the rulings of the court on the trial of this case, and prays that they may be duly signed, sealed, and made a part of the record now for then, which is done accordingly." The bills of exception stated the rulings of the court during the progress of the trial with the evidence applicable thereto, and Exhibit A, referred to in the order of the court overruling the motion for a new trial, set out in full all the testimony in the case.

The record then showed the proceedings and judgment on the appeal in the general term, as follows: "Now again come here as well the plaintiff as the defendant, by their respective attorneys, whereupon, it appearing to the court that the order of the court below overruling the motion for a new trial on a case stated, upon the ground that the verdict of the jury was against the weight of evidence, is not an order from which an appeal lies to this court, and it also appearing to the court that the defendant's exceptions to the admissibility of evidence and to the rulings and instructions of the court were not well taken, the said appeal is hereby dismissed, and the motion for a new trial on exceptions is now overruled, and the judgment of the court is affirmed, with costs." The defendant below sued out the present writ of error.

*Mr. Nathaniel Wilson* and *Mr. Walter D. Davidge* for plaintiff in error.

*Mr. Frank T. Browning* and *Mr. William F. Mattingly* for defendant in error.

An alleged error relied on by the plaintiff in error is that the court below, in general term, held that the order of the Circuit Court overruling its motion for a new trial, "because the verdict was against the weight of evidence," is not an order from which an appeal lies to this court.

Sections 804 and 805 of the Rev. Stat. D. C. provide that the justice who tries the cause may, in his discretion, entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial upon *exceptions*, or for *insufficient evidence*, or for *excessive damages*, and that when such motion is heard, an appeal to the general term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner.

An appeal to the general term is not provided for when the motion for a new trial is based upon any other than these grounds. All other grounds for a motion for a new trial are necessarily addressed to the discretion of the court and are not appealable.

The defendant below abandoned its motion on the ground of excessive damages and none of the other grounds for a new trial, specified in the motion, came within the provision of law granting an appeal.

It is forced now to claim that the *insufficient evidence* in the wording of the law is the same as against the weight of evidence.

We submit that there is a marked difference between the two. The one looks to the legal sufficiency of the evidence to justify the verdict, the other assumes that there was evidence sufficient in law to warrant the verdict, but that the preponderance of the evidence was against the verdict. In the former case the verdict is properly reviewable by an appellate court, in the latter not. This court in 12 Pet. 345, *Hepburn*

v. *Dubois*, held that after a verdict in favor of either party on the evidence, he has the right to demand of a court of error that they look to the evidence only to ascertain whether it was competent in law to authorize the jury to find the facts which make out the right of the party.

The court below in *Stewart* v. *Elliott*, 2 Mackey, 311, reviews the history of the provisions of our statute and holds in express terms (p. 315), that the phrase "for *insufficient evidence*," cannot be construed as authorizing the general term to consider whether a verdict below was "contrary to the evidence," or "against the weight of evidence."

In the case at bar it appears that the evidence was sufficient, by the overruling of the demurrer to the evidence, which was sustained by the general term. The evidence is brief, and a simple perusal of it would show that the defendant below was in no way injured by the court holding that it had no jurisdiction of the appeal, on the ground that the verdict was against the weight of the evidence.

Mr. Justice Matthews, after stating the case as above reported, delivered the opinion of the court.

The assignment of error relied on, and the only one we find it necessary to consider, is, that the court in general term refused to entertain the appeal from the action of the court at special term, overruling the motion for a new trial, so far as it was based on the ground that the verdict of the jury was against the weight of evidence, because it was not an order from which an appeal lies from the special to the general term of the court.

The opinion of the court, which is sent up with the record, expressly considers, discusses, and decides all the questions arising on the bills of exception, but no reason is given for that part of the judgment refusing to consider the appeal so far as it rested upon the order of the court at special term, overruling the motion for a new trial, based on the ground that the verdict of the jury was against the weight of evidence. It was said in argument at the bar that this was because, a few

weeks before, in the case of *Stewart* v. *Elliott*, 2 Mackey, 307, decided March 13, 1883, the Supreme Court of the District of Columbia had given a carefully considered opinion concerning the very point in controversy. It was decided in that case that the right of appeal on motions for a new trial from the special to the general term was given only in three cases: 1st, where the motion is based on exceptions taken during the progress of the trial; 2d, where the verdict has been rendered upon insufficient evidence; and 3d, for excessive damages. It was also decided that a verdict against the weight of evidence cannot be said to be a verdict upon insufficient evidence; the term "insufficient evidence," in § 804 of the Revised Statutes of the District of Columbia being construed as meaning evidence not sufficient in law to support a verdict. It therefore held that a motion for a new trial, because the verdict was against the weight of evidence, is left by the statute entirely within the discretion of the judge at special term trying the case, and that no appeal lies from his determination to the general term.

The sections of the Revised Statutes of the United States relating to the District of Columbia, affecting the question, are as follows:

"Sec. 753. The several general terms and special terms of the circuit courts, district courts, and criminal courts authorized by law, are declared to be, severally, terms of the Supreme Court of the District of Columbia; and the judgments, decrees, sentences, orders, proceedings, and acts of the general terms, special terms, circuit courts, district courts, and criminal courts rendered, made, or had, are and shall be deemed judgments, decrees, sentences, orders, proceedings, and acts of the Supreme Court; but nothing contained in this section shall affect the right of appeal, as provided by law.

\*        \*        \*        \*        \*

"Sec. 772. Any party aggrieved by any order, judgment, or decree, made or pronounced at any special term, may, if the same involve the merits of the action or proceeding, appeal therefrom to the general term of the Supreme Court, and, upon such appeal, the general term shall review such order,

judgment, or decree, and affirm, reverse, or modify the same, as shall be just.

\*　　　\*　　　\*　　　\*　　　\*

" Sec. 800. Non-enumerated motions in all suits and proceedings at law and in equity shall first be heard and determined at special terms. Suits in equity, not triable by jury, shall also be heard and determined at special terms. But the justice holding such special term may, in his discretion, order any such motion or suit to be heard, in the first instance, at a general term.

\*　　　\*　　　\*　　　\*　　　\*

" Sec. 803. If, upon the trial of a cause, an exception be taken, it may be reduced to writing at the time, or it may be entered on the minutes of the justice and afterward settled in such manner as may be provided by the rules of the court, and then stated in writing in a case or bill of exceptions, with so much of the evidence as may be material to the questions to be raised, but such case or bill of exceptions need not be sealed or signed.

" Sec. 804. The justice who tries the cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; but such motions shall be made at the same term at which the trial was had.

" Sec. 805. When such motion is made and heard upon the minutes, an appeal to the general term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner.

" Sec. 806. A motion for a new trial on a case or bill of exceptions, and an application for judgment on a special verdict, or a verdict taken subject to the opinion of the court, shall be heard in the first instance at a general term."

The construction given by the court below to § 804 of the Revised Statutes is that it does not limit " the range of reasons for which the new trial might be granted by the judge who heard the cause; " but that " the only purpose of the enumeration in the section was to designate the cases in

which an appeal might be taken to the general term from the order of the trial justice refusing a new trial; and this enumeration constituted an effective limitation of the right of appeal to the three cases mentioned, viz. ; where the motion has been urged either '*upon exceptions,* or *for insufficient evidence,* or *for excessive damages.*'· In no other case was an appeal to be allowed." *Stewart* v. *Elliot,* 2 Mackey, 307, 313.

But this construction of the statute overlooks the operation and effect of § 772. By that section an appeal will lie from the special to the general term from any order, judgment, or decree, "if the same involve the merits of the action or proceeding." Certainly, motions for a new trial upon grounds other than those recited in § 804 are included in this description. A motion may be made to set aside a verdict and· grant a new trial on the ground that the verdict is against law, or against the instructions of the court, or for newly discovered evidence, or because the amount is less than it should have been where the damages are ascertainable by some fixed rule of law, or for misconduct of the jury, or for fraud practised by the successful party. None of these cases are specifically recited in § 804, and yet, if we adopt the construction put upon that section by the Supreme Court of the District of Columbia, no appeal can be had from the judgment of a special term in any of them, although they involve the merits of the action or proceeding as completely as any of those mentioned in § 804.

· It is the evident purpose and meaning of § 772 to give the right of appeal from the special to the general term from every order, judgment, or decree involving the merits of the action or proceeding. There is nothing in the other sections referred to which necessarily limits that right, and any construction of their language which has that effect is unwarranted. Their object is not to specify the cases in which the action of the special term upon motions for a new trial may be reviewed on appeal by the general term. Section 804 by itself merely provides that the justice who tries the cause at special term may, in his discretion, entertain or refuse to entertain a motion to be made on his minutes to

set aside a verdict and grant a new trial for the grounds therein mentioned. If he entertains the motion, and hears it, then by § 805 an appeal will lie to the general term from the decision. The form of that appeal is by means of a bill of exceptions or case, which shall be settled in the usual manner. Of course, if the ground of the motion for a new trial is for insufficient evidence, or for excessive damages, the bill of exceptions or case for the appeal must contain a statement of all the evidence offered and received on the trial, because it must bring to the general term all the material necessary to enable it to act upon the appeal precisely as the judge at special term acted upon the motion. If, however, the judge at special term exercises his discretion under § 804, by refusing to entertain the motion for a new trial to be made on his minutes, then the party moving for the new trial may, under § 806, predicate his motion on a case or bill of exceptions, containing, as in the former instance, all the evidence, and in that event the motion shall be heard in the first instance at a general term.

The proper conclusion in reference to motions for a new trial upon other grounds than those specified in § 804 would seem to be, that in such cases the justice who tries the cause would have no discretion in reference to entertaining them, but is required to consider them in the first instance, of course with the right of appeal to the general term from his action, as provided by § 772. Section 806 mentions the cases in which the hearing on a motion for a new trial shall be heard in the first instance at a general term. Section 804 provides for cases in which, according to the discretion of the justice who tries the cause, the hearing of the motion may be had before him on his minutes in the first instance at a special term. Section 770 gives authority to the Supreme Court of the District of Columbia, in general term, to "determine by rule what motions shall be heard at a special term, as non-enumerated motions, and what motions shall be heard at a general term in the first instance." This power of discrimination by rule is, of course, subject to the statutory provisions contained in §§ 800, 804, 805 and 806; but

in every instance the order, judgment, or decree, made or pronounced at any special term, if it involve the merits of the action or proceeding, may be the subject of an appeal to the general term of the Supreme Court by virtue of § 772. Even in cases of motions not involving the merits, such as non-enumerated motions, which by § 800 it is said "shall first be heard and determined at special terms," it is also provided by the same section that "the justice holding such special term may, in his discretion, order any such motion or suit to be heard in the first instance at a general term."

It may be said that this construction of § 772 renders § 805 superfluous. If the former section, it may be said, secures the right of appeal from every order involving the merits, there was no necessity in § 805 for expressly granting it in the cases therein referred to. If this were true, it could not, we think, limit the operation of § 772. It must have effect according to its express terms and evident meaning; and a reason may be found for the introduction of § 805, as intended, by way of more abundant caution, to exclude a possible contrary conclusion, or to show that the appeal must be upon a bill of exceptions or a case.

If § 805 is construed to limit the appeal to the general term to the particular cases mentioned in § 804, it may with equal force be contended that the enumeration of the particular motions, which by the latter section the justice, at special term, is permitted to entertain, by a necessary implication denies to him the power to consider motions for a new trial based on any other reasons. The language of the section is, that the judge, at special term, may, in his discretion, entertain the motions therein specified. No other section professes to confer power upon the court, at special term, to consider motions for a new trial of any other description. Can it thence be inferred that no such power exists? That conclusion is rejected by common consent. How, then, can it be said that § 805, which recognizes the right of appeal only in the cases specified in § 804, by implication denies it in every other? It might more plausibly be argued that all other cases, not included in §§ 804 and 805, are within the provisions of § 806, and may, in the first in-

stance, be heard at a general term in the form of a case or bill of exceptions, containing the necessary predicates for their support. But the only consistent interpretation to be placed on the whole enactment is that which secures the right of appeal, under § 772, from the special to the general term, in every case of an order, judgment, or decree which involves the merits of the action or proceeding, and which is not otherwise specially provided for. The object of §§ 804 and 805 seems to be to provide for a special class of cases, in which discretion is given to the justice, at special term, to hear or to refuse to hear motions for a new trial, providing, in the first case, for an appeal in the usual manner, and in the latter case, when he refuses to hear the motion, leaving it to be heard, under § 806, on a case or bill of exceptions, in the first instance, in the general term.

Upon this view of these statutory provisions, it is immaterial whether the motion for a new trial made in this case, so far as it was based on the ground that the verdict was against the weight of evidence, is embraced by § 804 as a motion to set aside a verdict for insufficient evidence; because, if it is not, still, as we have seen, an appeal lies by virtue of § 772 from the order of the special term denying the motion, because it involved the merits of the action. Nevertheless, we are of the opinion that the proper construction of § 804 embraces a motion for a new trial on the ground that the verdict is against the weight of evidence, as being within the terms "for insufficient evidence," as used in that section.

Upon this point, the Supreme Court of the District of Columbia, in *Stewart* v. *Elliott*, 2 Mackey, 307, 315, said : " By a loose use of language, it may be said that a verdict ' *contrary to the evidence*,' or ' against the weight of evidence,' was rendered upon ' *insufficient evidence ;* ' and, on the other hand, that a verdict upon insufficient evidence is one contrary to or against the weight of evidence. But we are dealing with legal expressions in their technical meaning; and it is familiar to all lawyers that evidence offered to a jury in a cause has a twofold sufficiency, *i. e.*, sufficiency in law and sufficiency in fact; that of its sufficiency *in law* the court is the exclusive judge; its sufficiency *in*

*fact* is a question exclusively for the jury. The court, in considering the legal sufficiency of the evidence to sustain the case of a suitor, or to establish any particular fact essential to his recovery, must examine the proof with respect to its quality and quantity; and this determination by the court is a question of law. And if the court can see that the proof offered is of such a character and volume that it might well satisfy a rational mind of the truth of the position it is introduced to maintain, then it is declared to be *legally sufficient* for the purpose; and it must be submitted to the jury, who are the exclusive judges of its sufficiency *in fact*, whether others may differ from them in their conclusions or not. As expressed in a recent decision in Maryland, following numerous familiar cases ' if no evidence is offered, or if it is not such as one in reason and fairness could find from it the fact sought to be established, the court ought not to submit the finding of such fact to the jury.' *Griffith* v. *Diffenderfer*, 50 Maryland, 466. To the same effect is the language in 40 N. Y. Superior Ct. (8 Jones & Spencer) 181, *Halpin* v. *Third Avenue Railroad Co. :* ' If there is no conflict in the evidence, its sufficiency is no longer a question of fact, but becomes a question of law to be determined by the court.' It is to this *legal sufficiency* that the statute refers when it authorizes the appeal to this court, and to that inquiry alone have we the right to address an examination."

The court in the same opinion uses the following language (p. 314): "There is not the slightest desire upon our part to circumscribe the methods by which, according to the long established practice in this jurisdiction, the losing party may apply in the trial court for a new trial. The courts of justice would lose much of their value unless this mode of redress against unjust verdicts was tenaciously preserved by the judge, to be applied in his discretion where he believed the jury have done manifest injustice by returning a verdict against the weight of the evidence."

We see no reason, however, for supposing that the language in § 804, "for insufficient evidence," is to be limited to evidence insufficient in point of law. The words themselves do

not import any distinction. It is admitted that according to established rules of procedure in such cases, it is customary and proper for courts of justice, sitting in the trial of causes by jury, to set aside verdicts and grant new trials in both classes of cases ; that is, where the verdict rests upon evidence which is either insufficient in law or insufficient in fact. Strictly speaking, evidence is said to be insufficient in law only in those cases where there is a total absence of such proof, either as to its quantity or kind, as in the particular case some rule of law requires as essential to the establishment of the fact. Such, for instance, would be the case where a fact was attested by one witness only, when the law required two ; or when the alleged agreement was proven to be verbal, when the law required it to be in writing. In such cases, a verdict might be said to be against law, because founded on insufficient evidence. Insufficiency in point of fact may exist in cases where there is no insufficiency in point of law ; that is, there may be some evidence to sustain every element of the case, competent both in quantity and quality in law to sustain it, and yet it may be met by countervailing proof so potent as to leave no reasonable doubt of the opposing conclusion. This is illustrated by the case of *Algeo* v. *Duncan*, 39 N. Y. 313, 316. This was an action on a promissory note, and the plaintiff's *prima facie* case was fully made out; the defence arose upon a plea of infancy, which was also fully proved, there being no evidence to contradict or discredit the testimony upon that point, and yet the jury returned a verdict for the plaintiff. In that case it was decided that a motion to set aside the verdict "for insufficient evidence" was properly made and entertained. Judge Woodruff, delivering the opinion of the court, said : "The term 'insufficient evidence,' as used in the Code, should be considered with reference to the actual issue upon which the jury were to pass, and not less with reference to the whole state of the case made by the adverse party. Suppose the sole issue in a given case was upon a plea of release. The defendant, having the affirmative of that issue, produces and proves a release under the hand and seal of the plaintiff, and the latter gives no evidence in avoidance of the release suffi-

cient to warrant the submission of any question to the jury, and yet the jury find for the plaintiff. It is true that such a verdict would be against the defendant's conclusive evidence, but it is equally true that such a verdict is without any sufficient evidence."

So upon the whole evidence in the case the testimony in support of the cause of action, or of the defence, may be so slight, although competent in law, or the preponderance against it may be so convincing, that a verdict may be seen to be plainly unreasonable and unjust. In many cases it might be the duty of the court to withdraw the case from the jury, or to direct a verdict in a particular way; and yet, in others, where it would be proper to submit the case to the jury, it might become its duty to set aside the verdict and grant a new trial. That obligation, however, is the result of a conclusion of fact, and in such cases the ground of the ruling is, that the verdict is not supported by sufficient evidence, because it is against the weight of the evidence. Therefore it was said by this court in *Randall* v. *Baltimore & Ohio Railroad*, 109 U. S. 478: "It is the settled law of this court that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." In many cases, therefore, the evidence is insufficient in law, because insufficient in fact.

The sections of the Revised Statutes relating to the District of Columbia under consideration, it is admitted, were taken substantially from the New York Code of Procedure of 1851–1852; and it is admitted, also, that, by the construction placed upon the language contained in § 804 by the courts of New York, it includes motions to set aside a verdict against the weight of evidence, as within the phrase "for insufficient evidence." This was the very point determined in the case just referred to, of *Algeo* v. *Duncan*, 39 N. Y. 313, and in *McDonald* v. *Walter*, 40 N. Y. 551. The Supreme Court of the District of Columbia, however, in *Stewart* v. *Elliott, ubi supra,*

declined to follow these decisions of the New York courts, because they construed the code of procedure of that state so as to conform to the previous well established practice in that state; and it was held that in the District of Columbia the case was widely different, because prior to the adoption of these provisions in the act of Congress the well established practice in the District of Columbia was that which had always been in force in the state of Maryland. The argument was that in that state the granting or refusal of a motion for a new trial was a matter resting in the discretion of the court, and could not be ground for a writ of error or appeal; and that, consistently with that previous practice, §§ 804 and 805 must be construed strictly so as to limit the appeal originating in them to the cases particularly mentioned.

The language of the court in *Stewart* v. *Elliott, ubi supra,* on this point is: "This well settled practice, existing here when the act of March 3, 1863, was passed, should only be considered as changed by that act to the extent clearly indicated by its terms; and no latitude of construction can be allowed in the interpretation of a statute framed in derogation of common law principles. As was said by the court in the case in 24 Howard," (Pr. Rep. 211, *Algeo* v. *Duncan,* before referred to,) "it is a safe rule to apply the former practice and interpret the obscurities and deficiencies of the code by the light of that practice."

But the act of March 3, 1863, "to reorganize the courts in the District of Columbia and for other purposes," 12 Stat. 762, was the introduction into the District of Columbia of a new organization of its judicial system. It established a single court, to be called the Supreme Court of the District of Columbia, having general jurisdiction in law and equity. It gave to that court the same jurisdiction as was then possessed and exercised by the Circuit Court of the District of Columbia, and to the justices of the new court the powers and jurisdiction of the judges of the Circuit Court. It also gave to each of the justices of the court power to hold a District Court of the United States for the District of Columbia, with all the powers and jurisdiction of other District

Courts of the United States; and also to hold a Criminal Court for the trial of all crimes and offences arising within the District, with the same powers and jurisdiction as was then possessed and exercised by the Criminal Court of the District of Columbia. All the courts, therefore, previously existing in the District of Columbia, as separate and independent tribunals, having special and diverse jurisdictions, were consolidated into the new Supreme Court of the District of Columbia. The arrangement of that court, for purposes of convenience and despatch of business, into general and special terms, was taken from the system long previously established and known in the state of New York in reference to its Supreme Court; and, for the purpose of determining the relation of the special to the general term, the act of Congress of March 3, 1863, adopted the provisions from the legislation of New York incorporated into the sections of the Revised Statutes now under consideration.

Instead of construing these new statutory provisions in the light of the jurisprudence of Maryland previously prevailing in the District in reference to this subject, we think that when Congress reorganized the judicial system of the District, by abolishing the old courts and by establishing the present Supreme Court of the District, with its general and special terms, and adopted them from the legislation of New York in substantially the same language, these provisions are to be construed in the sense in which they were understood at the time in that system from which they were taken. In other words, we think that Congress adopted for this purpose the law of New York as it was understood in New York. *McDonald* v. *Hovey*, 110 U. S. 619.

It follows, therefore, that the previous practice of the courts of Maryland, and the decisions of the Supreme Court of the United States in reference to writs of error to and appeals from the former Circuit Court of this District, are not entitled to the weight which was given to them by the Supreme Court of the District of Columbia in *Stewart* v. *Elliott, ubi supra*, and in their judgment in this case. It is true that motions to grant a new trial, upon the ground that the verdict is against

the weight of the evidence, are, in a certain sense, addressed to the discretion of the court, and can be more satisfactorily dealt with by the judge who tried the cause and who had the opportunity of seeing the witnesses and hearing them testify. And this furnishes one of the reasons why ordinarily a writ of error or an appeal will not lie for the purpose of revising and controlling the exercise of that discretion by an appellate tribunal; yet in some of the states a contrary practice prevails, and a writ of error is authorized to bring up for review the proceedings and judgment of an inferior court, on which it may be assigned as an error in law, upon a bill of exceptions setting forth the whole evidence, that the court below erred in not granting a new trial because the verdict was against the weight of the evidence. Such a practice in the appellate courts of the United States is perhaps forbidden by the Seventh Amendment to the Constitution of the United States, declaring that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." But that rule is not applicable as between the special and general terms of the Supreme Court of the District of Columbia as now organized. The appeal from the special to the general term is not an appeal from one court to another, but is simply a step in the progress of the cause during its pendency in the same court. The Supreme Court sitting at special term and the Supreme Court sitting in the general term, though the judges may differ, is the same tribunal. It is quite true, nevertheless, that the judge sitting at special term on the trial of a cause by a jury, is, from the nature of the case, better qualified, because he sees the witnesses and hears them testify, to judge whether the verdict is warranted by the evidence, than other judges, even of the same court, who are called in to decide the same question upon a report of the testimony in writing; and where the question comes up in general term, on an appeal, all proper allowance will be made, in its consideration, for that difference, and its due weight given to the order of the judge at special term denying the motion.

The difficulty in the way of a satisfactory judgment on the

appeal is, therefore, not to be considered as insuperable; in fact, it applies equally to the case of motions for a new trial based on the ground that the damages allowed by the verdict are excessive, which presents purely a question of fact, not determinable by any fixed and certain rule of law. It will apply also in many cases where the ground of the motion is that the verdict is not sustained by evidence sufficient in law, for in one aspect that may involve questions of fact. That would be a proper form of motion in cases where, although there is some testimony to support the conclusion, it is so. slight that the judge trying the case would be legally justified in instructing the jury to return a verdict the other way; and although in such cases it is said to be a question of law, it nevertheless involves an estimate on the part of the court of the force and efficacy of the evidence.

It is our opinion, therefore, that the Supreme Court of the District at general term erred in dismissing the appeal from the order at special term denying the motion for a new trial on the ground that the verdict was against the weight of evidence. It should have entertained and considered the appeal on that ground.

It is urged in argument, however, that the error did not prejudice the plaintiff in error, because the court necessarily passed upon the same matter in considering and sustaining the ruling of the court at special term in refusing to instruct the jury to return a verdict in favor of the defendant upon the evidence offered by the plaintiff; but the question arising on this ruling, and that on the motion for a new trial at the conclusion of the whole evidence, were not identical. It might well be that on the plaintiff's evidence there was a case sufficiently made out to submit to the jury, while on the whole testimony it might fairly be a question whether the verdict was not against the weight of the evidence, in that sense which would justify the court in granting a new trial. Of course, nothing we have said in this opinion is to be construed as indicating any rule of decision in such cases, or is intended in the least to narrow the province of the jury as the proper tribunal for determining questions of fact in

trials at common law. The relation of the court to the jury, together constituting the appointed tribunal for the administration of the law in such cases, is regulated by fixed and settled maxims. The legal discretion of the Supreme Court of the District, whether sitting at general or special term, in granting or denying motions to set aside verdicts and grant new trials, is not by law submitted to the review of this court. The only point in judgment here is that the plaintiff in error was entitled by law to have that discretion exercised by the Supreme Court at general term, and that that court committed an error of law in refusing to consider his appeal from the order at special term denying his motion for a new trial, based on the ground that the verdict was against the weight of the evidence.

*For this error, the judgment of the Supreme Court of the District of Columbia at General Term is reversed, and the cause remanded, with directions to take further proceedings therein in conformity with this opinion.*