The Chief Justice
delivered the opinion of the Court:
This cause is here on exceptions and a case stated. The declaration contains three counts. The first is a special count for rent for a part of square west of square 471 and certain water front, wharf property and docks lying south and west of said square, of the yearly rental of $900, payable monthly, and the sum of $1,950 is claimed as rent in arrears for the 26 months ending February 29, 1888; the second is a special count in indebitatus assumpsit, for use and occupation of said premises; and the third is the common money *153 counts. Particulars of demand, notice to plead and affidavit are attached to the declaration.
The first, second, and third pleas are the general issue; the fourth plea admits $439.78 due the plaintiff as collections of rent made by the defendant as the agent of plaintiff, of which amount tender was made before suit. An affidavit of defendant is annexed to the pleas.
May 3, 1888, issue was joined. Trial was had, and on October 21, 1890, a verdict and judgment was rendered for plaintiff for $439.78, with'costs. On the 24th day of October, 1890, the plaintiff filed a motion for a new trial for the reasons (1) that the verdict is contrary to the evidence; (2) that the verdict is against the law; (3) that the verdict is otherwise erroneous and wholly unsustainable on the evidence and instructions of the court; (4) that the court erred in its rulings of law at the trial, to which rulings exceptions were then and there taken by plaintiff’s counsel, and duly noted on the minutes of the court before the jury retired.
A motion for a new trial was overruled November 24, 1890, and an appeal was taken from that decision to this court.
On the trial, the real defence of the defendant to-the action of the plaintiff was that he surrendered the premises alleged to have been leased by the plaintiff to him, Shehan, on the last day of December, 1885, and that from that time he acted as agent of the plaintiff in the collection of rents for a portion of his property, namely, square west of square 471, and that as to the wharf property he had, with the assent of the plaintiff, on the very day that he rented of the plaintiff, in 1878, executed a sub-lease to an ice company, that the ice company had paid rent for a time, and then was succeeded by a party by the name of Rich, who paid rent up to the date that the defendant, Shehan, surrendered all the property, both the wharf property and the square west of square 471, to the plaintiff.
Rapley, the plaintiff, denies that there ever was a surrender of the possession of the premises, or any part of it, to *154 him. He claims that this property, from the ist of January, 1886, to February 28, 1888 — for twenty-six months— was all of it still, as a matter of law, and under the relations between him and Shehan, in the possession of Shehan, under the original lease; that Shehan was still under obligation to pay him the sum of $900 per annum, rent for this property, during the twenty-six months embraced in the suit. That constituted the issue of fact between the parties.
Plaintiff, in his brief, says that this is the principal question now involved in this case. He says of the exceptions taken at the trial to the rulings of the court on the questions of evidence, and to the testimony, that the several exceptions taken by the plaintiff’s counsel on the questions of law raised at the trial may be found in the record, and ought to be sustained; but the principal question is, whether the evidence is sufficient to sustain the verdict, or whether the verdict is against the weight of the evidence.
Nothing more is said by counsel for plaintiff in argument to us upon the subject of the exceptions in the record. We have looked at the exceptions, and we find that they are, every one of them, obnoxious to the objection that no statement was made by counsel at the time of the grounds upon which the objection was made. It was a general objection — simply, “ I object to the question,” or “ I object to the answer.” Neither before nor after- the ruling of the court sustaining the objection is there any statement by counsel of the reason or grounds upon which it is made. This has been held repeatedly by this court, as well as by the Supreme Court, to be utterly fatal to the validity of any objection, or the validity of any exception that is sought to be saved under such circumstances. Woodbury vs. Dist. of Col., 5 Mackey, 127; Prindle vs. Campbell, 7 Mackey, 598; Camden vs. Doremus, 3 Howard, 530.
We might stop here, so far as these exceptions are concerned, but we have examined each one of them, and we do not find that any of them are apparently well founded. Of course, for,the reason already mentioned, that n© ground *155 was stated by counsel to the court for the objection, it is almost impossible for us to know what the ground might have been had it been stated; but so far as we can ascertain from the record, there was no objection made by the plaintiff at the trial that ought to have been sustained by the court.
This leaves the objection that the verdict is contrary to the weight of the evidence. We have examined the evidence. It was taken by a stenographer, and we have given it careful consideration. We are inclined to think that the preponderance of evidence was in favor of the defendant.
To be justified in setting aside the decision of the court below overruling the motion for a new trial, and in awarding a new trial, it would have to appear rather clearly to us that the evidence was entirely insufficient to justify the verdict; that the weight of evidence was not with the defendant, but was decidedly with the plaintiff. Of course we are not unmindful of what the Supreme Court has said in the case of Metropolitan R. R. Co. vs. Moore, 121 U. S., 558, that the court may entertain an appeal from the denial of a motion for a new trial by the special term made on the ground that the verdict was against the weight of the evidence. We think in such a case it is our duty to carefully consider the evidence that has been given in the court below and ourselves pass upon the question; but in that case it is said that of course this court in performing this duty, will not be unmindful of the fact that the jury and the judge in the court below had an opportunity to see and hear the witnesses as they testified, and had superior opportunities to what we have of judging of the weight which ought to be given to the testimony.
But we are not embarrassed in this case. After reviewing it, we find no reason for setting aside the verdict on the alleged ground that it was made against the weight of the evidence.

The judgment of the court belovu will be affirmed.