## HAYWARD *v.* HOLMAN.

### APPEALABLE ORDERS.

A bill in equity was filed by one claiming to be the owner and in possession of certain real estate, to enjoin the defendant from tearing down and removing improvements on the property, and a temporary restraining order was granted until the preliminary hearing. With his answer the defendant filed a motion to dissolve the restraining order, which was overruled and the order was continued in force. From the order overruling defendant's motion, he appealed to the General Term of the Supreme Court of the District, from which court it was transferred to this court by operation of law : *Held*, That the order appealed from did not involve the merits of the action within the meaning of R. S. D. C., Sec. 772, and was, therefore, not appealable.

No. 52.   Submitted October 4, 1893.—Decided November 6, 1893.

HEARING on appeal by the defendant from an order of an equity term of the Supreme Court of the District of Columbia, overruling a motion to dissolve a restraining order. *Appeal dismissed.*

THE FACTS are sufficiently stated in the opinion.

*Mr. William A. Meloy* for the appellant.

*Mr. Mills Dean* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from an order of the Supreme Court of the District, in special term, refusing to dissolve an injunction *pendente lite* previously granted. The appeal was undisposed of by the General Term, and has been transferred to this court, under the provisions of the act of its creation.

This question must be met in the beginning: Was there such an order or decree as could have been appealed from the special to the General Term?

It is claimed that the appeal is given by Sec. 772 of the Revised Statutes relating to the District of Columbia, which reads as follows:

" Sec. 772. Any party aggrieved by any order, judgment, or decree, made or pronounced at any special term, may, if the same involve the merits of the action or proceeding, appeal therefrom to the general term of the supreme court, and upon such appeal the general term shall review such order, judgment, or decree, and affirm, reverse, or modify the same, as shall be just."

There has been no decision under this statute, so far as we have been advised, covering the point here made. The claim that it is within the decision in *Met. R. R. Co.* v. *Moore,* 121 U. S., 558, is, in our opinion, not well founded. In that case, the defendant in an action of tort moved for a new trial on the ground that the verdict was " against the weight of the evidence," and appealed to the General Term from the order refusing the same. The General Term dismissed the appeal through the construction given to Sec. 804 and Sec. 805, Revised Statutes, District of Columbia, which read thus:

"Sec. 804. The justice who tries the case may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; but such

motion shall be made at the same term at which the trial was had.

"Sec. 805. When such motion is made and heard upon the minutes, an appeal to the general term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner."

The General Term held that an appeal could only be taken from an order made on motions embodying one of the three grounds specified in Sec. 804, and that the ground that the verdict is "against the weight of the evidence" is not the same as "for insufficient evidence." This decree of dismissal was reversed on error to the Supreme Court of the United States, which held that Sec. 804 must be read in connection with Sec. 772, and not in limitation thereof, and that the appeal was well taken under Sec. 772 as "involving the merits of the action."

In this case, the complainant, claiming to be the owner, and in possession of certain real estate in the city of Washington, filed his bill to enjoin defendant from tearing down and removing a structure of boards and canvas, built upon and among the limbs of a tree growing on the land.

A temporary restraining order was granted until the preliminary hearing upon an early day set therefor. On this day the defendant answered the bill, alleging that he was the equitable owner of the land, because the deed under which complainant's grantor held was intended as a mortgage only, and complainant had notice thereof before conveyance to him. He also alleged that this "airy castle" had been built and "occupied by him as a place to sleep as he had been accustomed during the war to occupy a tent in the open field," and that he "had planned to remove this elevated shelter, as a soldier, on breaking camp, would his tent, or an Indian his wigwam, to the new location." A bill had been previously brought by him against the complainant in this proceeding—Holman—praying to have the aforesaid deed reformed and declared a mortgage, which bill had been dismissed on hearing.

With his answer aforesaid, defendant filed a motion to dissolve the restraining order, which was overruled, and the order was continued in force until the further order of the court. It is from this order that the appeal has been taken. It is proper to add that a bond in the ordinary form was filed by the complainant before the restraining order issued.

We are of the opinion that the decree refusing to dissolve the restraining order did not "involve the merits of the action or proceeding," as required by the statute to give the right of appeal to the General Term. It is a question whether the structure sought to be removed is a part of the realty in such manner as to pass with the title thereto. It was being torn down and converted into old lumber and material for removal. The grant of the restraining order did not in any manner affect the title thereto or the right to its possession. It merely maintains the *status quo* until the merits of the action can be determined. If the title to the property be ultimately found to be in the defendant he has ample and complete protection as well as indemnity for any possible damage he may sustain. We are not to be understood as holding that no order or decree granting or dissolving a restraining order, or injunction *pendente lite*, could have been appealed from the special to the General Term of the Supreme Court under the provisions of Sec. 772; for it may possibly be that cases have arisen under the peculiar circumstances of which such an order might involve the merits of the action to an extent sufficient to bring it under the terms thereof. The question is one of temporary interest, as it can only arise now in such appeals as have been transferred to this court from the General Term under the act of Congress creating this court. As disclosed by the record in this case, the order appealed from did not involve the merits of the action; wherefore the appeal did not lie, and must be dismissed at the cost of appellant. The cause will be remanded to the court from whence it came for further proceedings according to the practice in such cases and the rights of the parties as they may be made to appear.

*Appeal dismissed.*