## CRAIN *v.* THE UNITED STATES.

### CRIMINAL PRACTICE.

1.  The special terms of the Supreme Court of the District known as
    Criminal Courts Nos. 1 and 2, are not separate and independent
    tribunals, but are component parts of one tribunal, the Supreme
    Court, and a prisoner may properly be arraigned in Criminal
    Court No. 1 and tried and convicted in Criminal Court No. 2,
    the records of both being authenticated by the same clerk and
    under the one seal of the Supreme Court.

No. 295.   Submitted February 20, 1894.—Decided March 5, 1894.

HEARING on an appeal by the defendants from an order
of the Supreme Court of the District of Columbia, holding
a criminal term, overruling a motion in arrest of judgment
in a prosecution for obtaining goods by false pretences.
*Affirmed.*

The FACTS are sufficiently stated in the opinion.

*Mr. Thomas C. Taylor* for the appellants:

The contention of the Government is that defendants
were arraigned and did plead in Criminal Court No. 2, and
that such plea being entered in a court or special term of
the Supreme Court of the District of Columbia, legally
operates as a plea in *any special term* where they may be
put upon their trial; that the record of Criminal Court No.
2 in respect of this case cures and perfects the otherwise de-
fective record of Criminal Court No. 1.

The principle asserted by the prosecution here is, that a
plea of record in *any* special term may become migratory
in its application and legally efficacious in any other special
term; and that it is not essential that a plea in a particular
cause shall be of record immediately in the special term in
which the same is depending, and which has acquired juris-
diction thereof, providing such plea is of record somewhere
within the Supreme Court of the District of Columbia.

The legality of these proceedings and the sufficiency of the record is asserted upon the authority of the case of *Metropolitan R. R.* v. *Moore*, 121 U. S., 558.

But the Supreme Court decided no such question in that case, nor have we found a case in which any court ever sustained the legality of such proceedings in a criminal trial.

The logic of the decision referred to, so far as it relates to the judicial system known as the Supreme Court of the District of Columbia, is that the general term and special terms thereof, *with reference to the Seventh amendment to the Constitution of the United States*, are but one court, and consequently the general term was not an appellate court of the United States in a constitutional sense.

But in every other legal or technical aspect, and in their visible constitution, the special terms are courts. And in Sec. 753 of the Revised Statutes of the United States, relating to the District of Columbia, the special terms are expressly designated as *courts*. The law and incidents 'of a *change of venue* within the States are not involved or applicable to the contention here. The defendants were jointly indicted in Criminal Court No. 1, at the October term, 1893, of said court. The indictment was filed in that court and became of record therein at said October term, 1893. Hence, the record discloses that Criminal Court No. 1 acquired jurisdiction of this cause, at the October term, 1893, of said court. What is there upon the record to show that Criminal Court No. 1 was divested of or ever lost jurisdiction of the case?

On the contrary, the record not only shows that Criminal Court No. 1 acquired jurisdiction, but retained jurisdiction of this cause throughout.

It is respectfully submitted that Criminal Court No. 2 never had jurisdiction of this cause, and that all proceedings in that court in respect of arraignment and plea are void for want of jurisdiction.

Every lawyer knows that a court which has no jurisdiction of a cause has no jurisdiction of legal and essential preliminary proceedings.

If it is contended that the two criminal courts are courts of concurrent jurisdiction, and for this reason may parcel out between the two courts the formal steps and proceedings of any one case, then the well-known rule that the court which first acquires jurisdiction of the case shall maintain it, is a complete answer to that proposition.   See 27 Stat., 609.

*Mr. A. A. Birney*, United States Attorney for the District of Columbia, and *Mr. Tracy L. Jeffords*, Assistant, for the United States.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The three appellants in this case, John Crain, William Frazier and Harry Kelly, were tried and convicted on an indictment for obtaining goods by means of false pretences. They moved in arrest of judgment, and the motion having been overruled, they were sentenced to imprisonment in the penitentiary; and they bring the case here to have reviewed the judgment of the court below in overruling the motion in arrest of judgment.

There is no question as to the sufficiency of the indictment, or as to the jurisdiction of the Supreme Court of the District, into which the indictment was duly returned by the grand jury.   But the question made is this: That, as it appears, the parties were arraigned upon the indictment and pleaded thereto, in Criminal Court No. 2, and they were subsequently tried, convicted and sentenced in Criminal Court No. 1, of said Supreme Court of the District, it is therefore objected by the appellants that the record of proceedings in Criminal Court No. 1 does not show that the parties had been called upon to plead, or that they had pleaded to the indictment, in the court in which they were tried and convicted, and hence there was no sufficient record upon which judgment could be rendered.   In other words, that they were arraigned and required to plead in one court, and were tried, convicted and sentenced in a different court,

without the proper record evidence of what had preceded the trial.

This contention assumes that Criminal Court No. 1, and Criminal Court No. 2, are separate and independent courts, exercising independent jurisdiction. But clearly this is not the case, upon the terms of the statute providing for the organization of the present Supreme Court of this District.

The jurisdiction of the Supreme Court of this District, as originally organized under the act of Congress of March 3, 1863, Ch. 91, did not extend to and embrace the powers and jurisdiction previously vested in the Criminal Court of this District; the latter court remaining a separate and independent court, though presided over by a judge assigned from the Supreme Court, as directed by the act of Congress of 1863. *Ex parte Bradley*, 7 Wall., 364, 371; *Bradley* v. *Fisher*, 13 Wall., 345. But, by the act of Congress of June 21, 1870, Ch. 141 (16 Stat. at L., 160), this independent character of the Criminal Court was changed, and it was combined with and made part of the Supreme Court—the statute declaring that the judgments, sentences, orders, proceedings and acts of said general terms, special terms, &c., and criminal courts heretofore or hereafter rendered, made or had, shall be deemed judgments, sentences, orders, proceedings and acts of the Supreme Court.

In the Revised Statutes U. S. relating to the District of Columbia, by Section 750, it is provided that there shall be a supreme court, consisting formerly of five, but now of six justices; and by Section 753, it is provided that the several general terms and special terms of the circuit courts, district courts and criminal courts authorized by law, shall be terms of the Supreme Court of the District of Columbia; and the judgments, decrees, sentences, orders, proceedings and acts of the general terms, special terms, circuit courts, district courts and criminal courts, rendered, made, or had, are and shall be deemed judgments, decrees, sentences, orders, proceedings and acts of the Supreme Court; and by Section 759, it is provided that the special term held as the

criminal court shall be holden on the first Monday in March, the third Monday in June, and the first Monday in December, in each year. And it is further provided, by Section 763, "That any one of the justices may hold a criminal court for the trial of all crimes and offenses arising within the District." The act of Congress of March 1, 1889, invested the Supreme Court in general term with power, by rule of court, to regulate the period of holding its terms, the period of all special terms, and to alter the same from time to time, as may be deemed necessary. And a further provision is made, relating to this subject, in an act of Congress of March 3, 1893, Ch. 208, making appropriations for sundry civil expenses, &c. By a clause in Section 21 of this last act, it is provided that the general term of the Supreme Court of the District of Columbia, may order two terms of the Criminal Court to be held at the same time, whenever in their judgment business requires it; and they shall designate the time and place of holding the same, and the justices by whom such terms shall respectively be held; and shall make orders for a division of the criminal docket between the judges holding such terms; and juries are directed to be drawn for such criminal terms.

It appears, that justices of the Supreme Court, in general term, in pursuance of the act of Congress just recited, by an order of the 17th of April, 1893, provided for the holding of the two terms of the Criminal Court at the same time, and designated such divisions as Criminal Court No. 1 and Criminal Court No. 2, respectively. They also provided, in the same order, that the justice assigned to Criminal Court No. 1 shall hear any cause on the criminal court dockets that shall be brought before him for trial by the district attorney, and shall receive the reports and give the usual orders to the grand jury. And the justice holding Criminal Court No. 2, may hear any cause on said dockets that may be brought before him for trial by the district attorney, except certain causes specified. The order also provides, that the district attorney shall present for trial to

the justice holding Criminal Court No. 2, all causes insti-
tuted since the incumbency of the present district attorney,
and they shall stand for trial in that court, unless the public
interest shall require that some of them shall be heard in
Criminal Court No. 1, in which case they may be heard in
the latter court.

It was in Criminal Court No. 2 that the defendants were
arraigned and pleaded not guilty; but under the order just
recited, directing the course of proceeding, the cause was
taken into Criminal Court No. 1, where the parties were
tried, convicted and sentenced.

If these special terms thus provided for were separate
and independent tribunals, there would be great force in
the objections urged to the proceedings by the appellants.
But they are not separate and independent tribunals. They
are component parts of one tribunal, the Supreme Court of
the District of Columbia, and have no separate and inde-
pendent existence and jurisdiction apart from such Su-
preme Court. As we have shown, the criminal jurisdiction
previously vested in the courts of this District, was com-
bined with and vested in the Supreme Court of this Dis-
trict, by the act of Congress of June 21, 1870, Ch. 141; and
all judgments, sentences, orders and proceedings had in the
special terms assigned for the trial of criminal causes, thence-
forth became the judgments, sentences, orders and pro-
ceedings of the Supreme Court of the District. The re-
cords of proceedings of all the special terms of the Su-
preme Court are the records of the one tribunal, the Supreme
Court of the District.

These records are all kept and authenticated by the same
clerk, and by the use of the one seal of the Supreme Court.
While there may, and must from the necessity of the case,
be separate minute books or journals of the proceedings of
each special term, such minute books or journals are made
by the clerk, as the hand of the court, as the proceedings
occur, and they simply evidence the acts and proceedings
of the Supreme Court in special terms. But these minutes,

registered in books or journals of the special terms, have
relation to and are but continuations of the initial proceed-
ings in the Supreme Court. Whether it be in Criminal
Court No. 1, or in Criminal Court No. 2, that the first pro-
ceedings on the indictment commenced, the record is con-
nected and complete, though it terminates in either of the
criminal courts. The whole proceeding transpires in one
court; though for practical convenience and ready dispatch
of business, the different jurisdictions of the Supreme
Court are distributed to different special terms of the one
central court.

This is in accordance with what has been held by the
Supreme Court of the United States, in its construction of
the statutory provisions to which we have referred, in rela-
tion to the organization of the Supreme Court of the Dis-
trict of Columbia.

In the case of the *Metropolitan R. R. Co.* v. *Moore,* 121
U. S., 558, 571, the Supreme Court of the United States, in
discussing the question of the organization of the Supreme
Court of this District, said:

"But the act of March 3, 1863, to 'reorganize the courts
in the District of Columbia and for other purposes,' (12
Stat., 762), was the introduction into the District of Co-
lumbia of a new organization of its judicial system. It es-
tablished a single court, to be called the Supreme Court of
the District of Columbia, having general jurisdiction in
law and equity. It gave to that court the same jurisdiction
as was then possessed and exercised by the Circuit Court of
the District of Columbia, and to the justices of the new
court the powers and jurisdiction of the judges of the Cir-
cuit Court. It also gave to each of the justices of the court
power to hold a District Court of the United States for the
District of Columbia, with all the powers and jurisdiction
of other district courts of the United States; and also to
hold a criminal court for the trial of all crimes and offenses
arising within the District, with the same powers and juris-
diction as was then possessed and exercised by the Criminal

Court of the District of Columbia. All the courts, therefore, previously existing in the District of Columbia, as separate and independent tribunals, having special and diverse jurisdictions, were consolidated into the new Supreme Court of the District of Columbia."

This decision was rendered at the October term of the Supreme Court of the United States, 1886, upon a case arising in this District since the present organization of the Supreme Court of the District of Columbia.

The arrangement of the Supreme Court, with a view to the convenience and dispatch of business, into general and special terms, was not intended in any manner to recognize the special terms as separate and independent courts; but simply as methods of distribution and dispatch of the business of the Supreme Court. And this was intended to be facilitated by the provision in the act of Congress of 1893, in allowing two special terms to be held at the same time, for the trial of criminal cases.

We perceive no ground whatever for the motion in arrest of judgment in this case; and the action of the court in overruling such motion, and in passing judgment upon the verdict of the jury, must therefore be affirmed.

*Judgment affirmed, and cause remanded.*