# COLUMBIA RAILWAY CO. *v.* CRUIT.

ACTION FOR PERSONAL INJURIES; INSTRUCTIONS TO JURY; STREET RAILWAYS.

1. In an action for personal injuries against a street railway company, an instruction on behalf of the plaintiff is a proper one, which is to the effect that if the jury should find discrepancies between a statement made by the plaintiff at the time of the accident and her testimony at the trial, and they should find that when she made the statement she was suffering from shock and pain, they will consider what effect the shock and pain may have had on her ability to correctly ascribe ·the true cause of the accident at the time of making it.

2. In such an action, instructions asked by the defendant are properly refused, which are to the effect that a statement made by the plaintiff at the time of, or on the day after the accident, that she was to blame for it, would necessarily tend to weaken or destroy the value of her testimony at the trial, and also peremptorily instructing them that there is no evidence in the case to show that her mind was in such a state that she did not fully understand what had occurred or what she said.

3. In such an action, the defendant cannot properly assign as error the action of the trial court in granting a new trial unless the plaintiff should remit $3,000 of her verdict of $7,000; the action of the trial court in granting or refusing to grant a new trial not being reviewable by this court, and the allowance of a *remittitur* to the amount of $3,000 not being action injuriously affecting the defendant; *distinguishing* Woods v. Railroad Co., 1 App. D. C. 170.

No. 1211. Submitted October 24, 1902. Decided November 5, 1902.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon a verdict of a jury in an action to recover damages for personal injuries. *Affirmed.*

The facts are sufficiently set forth in the opinion.

*Mr. C. C. Cole* and *Mr. R. B. Behrend* for the appellant.

*Mr. Andrew A. Lipscomb* and *Mr. Philip Walker* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a suit instituted by the appellee, Martha A. Cruit, in the Supreme Court of the District of Columbia to recover damages for personal injuries sustained by her, as she alleges, through the negligence of the company. It appears that, while in the act of alighting from one of the cars of the company, she was thrown to the ground and sustained serious physical injury. The testimony on her side is to the effect that the car had come to a full stop when she attempted to alight, and that she was thrown by the sudden starting of the car while she was yet standing on the step. The testimony on behalf of the company is to the effect that the car had not come to a full stop when she attempted to alight. Upon this conflict in the testimony it is conceded that the case was properly submitted for determination by the jury. The jury found for the plaintiff, and rendered a verdict in her favor for $7,000. Upon the interposition of a motion for a new trial, the trial court required the plaintiff to remit $3,000 of this amount, which she did; and thereupon the court overruled the motion for a new trial and entered judgment, in pursuance of the verdict, for $4,000. In consequence of the allowance of a certain instruction on behalf of the plaintiff, which was objected to by the defendant, and of the refusal of the trial court to give two instructions which were requested by the defendant, the railway company has brought the case here by appeal from the judgment.

The instruction in controversy had reference to certain statements made, or claimed to have been made at the time by the plaintiff in regard to the cause of her injury, some of which purported to exonerate the employees of the company

from blame, and which were somewhat at variance with her testimony at the trial, which, on account of her great age and her feeble condition of health, she was unable to attend in person, so that her testimony was taken by way of deposition.

The instruction in this regard asked and given on behalf of the plaintiff was substantially the same as one which received the approval of the Supreme Court of the United States in the case of *Coasting Company* v. *Tolson,* 139 U. S. 551, which went up to that court from this District, and where there was a similar condition of testimony. It is as follows:

" If the jury find from the preponderance of the evidence that the plaintiff immediately after, or on the day after the accident, made statements in relation thereto at variance with those made in her deposition, which has been read in evidence, and if they further find that she, at the time of making the former statements, was suffering from shock and pain, they are to look at the difference of the statements in the point of view of her condition when making each, and to consider what effect the shock and pain from which she was suffering, if she was so suffering, when she made the former statement, may have had on her ability to correctly ascribe the true cause of the accident."

1. The instructions requested for the defendant, and which were refused, were two of a series of thirteen, all the remainder of which were granted. They are in the following words:

" No. 12. If the jury shall find from the evidence that the plaintiff immediately after the accident said that she was to blame herself for it, or used language to that effect, they should consider that in weighing her evidence, and it would have a tendency to weaken or destroy it; and they are further instructed that, if they find that she so stated, there is no evidence in the case from which they can find that, at the time she made said statement, her mind was in such a state that she did not fully understand what occurred and what she said."

" No. 13. If the jury shall find from the evidence that the plaintiff, on the day after the accident, said that she was to blame herself for it, or used language to that effect, they should consider that in weighing her evidence, and it would have a tendency to weaken or destroy it; and they are further instructed that, if they find that she so stated, there is no evidence in the case from which they can find that, at the time she made said statement, her mind was in such a state that she did not fully understand what occurred and what she said."

These two instructions do not differ from each other except as to the time when the alleged statements to which they refer are assumed to have been made, the instruction numbered twelve being directed to statements claimed to have been made immediately after the accident or on the same day, and the instruction numbered thirteen being directed to alleged statements made on the next day.

2. With reference to the instruction based upon the Tolson case, which was granted on behalf of the plaintiff, exception is not and could not well be taken to it as a proposition of law. The argument is that the facts in the present case did not warrant its being given. The difference between the two cases is claimed to be, that, while in both there was testimony to show that at the time of the accident or soon afterwards, the plaintiffs had made statements in reference to their own liability for the accident different from their testimony at the trial, yet in the Tolson case the plaintiff did not himself undertake to state what he did say, while in the present case the plaintiff does undertake to state what she did say at the time. But we fail to see the force of this distinction. It might well be that the distinction, if it has any force at all, would enhance the appropriateness of the instruction.

The instructions requested on behalf of the defendant and which were refused, were manifestly inadmissible. In view of the Tolson case, it would have been palpable error to instruct the jury that statements made by the plaintiff at the time of the accident or immediately afterwards, or even on the next day, would necessarily tend to weaken or destroy

the value of her testimony at the trial. It was proper for the jury to weigh the value of both statements under all the circumstances of the case; but it is very plain that it was no necessary result of the first statement, made as it was made when the plaintiff may well have been stunned and mentally confused by her injury, to destroy the force of her testimony at the trial, when we may suppose her mind had recovered its equilibrium. Nor would it have been proper for the court, as here requested, to instruct the jury peremptorily that there was no evidence in the case to show that her mind was in such state that she did not fully understand what had occurred or what she said. *Res ipsa loquitur.* She had suffered an injury, the result of which, as we know by common experience, was to daze and confuse, occasionally to render the person insensible, sometimes even to produce death. It would have been absurd to tell the jury, as was here by implication requested, that they should wholly disregard the common experience as to the possible or probable result of such accident, and to find that the plaintiff must necessarily have been in the full possession of all her faculties and fully capable of ascertaining and appreciating the cause of her injury, because perhaps there was no witness to testify in terms to the contrary. We think, therefore, that these instructions were properly rejected by the trial court.

3. There remains to be considered an assignment of error by the appellant to the effect that the trial court should not have allowed the plaintiff to enter a *remittitur* of $3,000, instead of setting the verdict aside *in toto* and awarding a new trial. So far as this is indirectly an assignment of error for the refusal to grant a new trial, of course we cannot consider it. The question is too well settled that we cannot review the discretion of the trial justice in that regard. And so far as it complains of the allowance of a *remittitur* to the amount of $3,000, we fail to see wherein that action has injuriously affected the appellant. It seems to us to have benefited the appellant to the extent of $3,000. The argument is that this action of the trial justice shows that the jury was influenced by passion and prejudice, and that a verdict

influenced by passion and prejudice should not be permitted to stand.

In support of the contention reference is made to some expressions in the opinion of this court in the case of *Woods* v. *Richmond and Danville Railroad Company,* 1 App. D. C. 170. But we find nothing in that case that would justify our interference with the discretion of the trial court in this case. That was a case which was pending in the general term of the Supreme Court of the District when this court was established, and was one of the cases transferred to us under Sec. 7 of the act by which this court was established. (27 Stat. 434). It was a case in which the general term, under the law in existence at the time the appeal was taken, as construed by the Supreme Court of the United States in the case of *Metropolitan Railroad Company* v. *Moore,* 121 U. S. 558, was asked to review the decision of the special term of the Supreme Court of the District setting aside a verdict of a jury and ordering a new trial. There was no question of *remittitur* in the case. It was only brought into the case argumentatively by the suggestion of counsel for the appellants that the new trial had been granted, either on the ground of the insufficiency of the evidence to sustain the verdict, or because the damages were excessive, in which latter case the entry of a *remittitur* would have been the proper course. This court was sitting in that case practically in the place of the trial judge. It was there said in response to the suggestion of counsel:

" From the record before us we could not justify ourselves in saying that the court below exceeded the bounds of its conceded discretion in setting aside this verdict and awarding a new trial. While it is probable that the motion may have been sustained upon the ground only, that, in the opinion of the court, the verdict was excessive in amount, still there is nothing in the record which would authorize us to indicate any amount of probable excess, upon the entry of a *remittitur* of which the judgment might be here rendered for the remainder. To do so in this case would be to usurp the functions of the jury. It is only in those cases where the findings

of the jury may be separated into distinct parts, or where errors readily discernible and separable may have increased a finding, that we would feel ourselves clearly justified in directing or permitting a *remittitur* of a part. If a verdict in tort be excessive, that fact alone would be persuasive evidence that the jury had not given to the whole case that calm, dispassionate consideration without which a verdict would ordinarily be a travesty of justice. If a jury, through the influence of passion or prejudice, should find a verdict for excessive damages, how could the court satisfy itself that the same emotions did not dominate their minds in the consideration of conflicting evidence upon the question of negligence, which is the paramount issue of the case? "

We fail to see how all this is applicable in this court in the case now before us. The argument is of a character to be addressed to the trial justice, or to some tribunal practically sitting in his place. There is nothing before us upon which we can act.

We find no error in the record; and we are of opinion, therefore, that the judgment appealed from should be *affirmed, with costs. And it is so ordered.*