COOPER v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 17, 1916.)

No. 82.

1. CRIMINAL LAW ⬅=1159(2)—REVIEW—QUESTIONS OF FACT.
Whether accused devised a scheme to defraud, and whether it was carried out by the use of the mails, are questions of fact, the determination of which by the jury cannot be reviewed, where there was evidence to sustain it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3075; Dec. Dig. ⬅=1159(2).]

2. CRIMINAL LAW ⬅=1170½(1)—EVIDENCE—INCRIMINATING SELF—AGREEMENT.
The constitutional rights of accused were not infringed by his being asked if a signature shown him was genuine, where it had been agreed between counsel, in order to expedite the introduction of exhibits, that

when there was no question as to defendant's signature the paper might be received without proof of signature.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3129; Dec. Dig. ☞1170½(1).]

3. CRIMINAL LAW ☞1170½(6)—HARMLESS ERROR—MISCONDUCT OF COUNSEL.
  Where counsel for the government persisted in the question after it became apparent that counsel for the defendant objected, but the court ruled that defendant did not have to admit the signature unless he wanted to, and that the government would have to prove it, and offered to instruct the jury that it was an entirely voluntary admission, there was no prejudicial error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3134; Dec. Dig. ☞1170½(6).]

4. CRIMINAL LAW ☞720(3)—TRIAL—ARGUMENT OF COUNSEL.
  In the trial of one of four defendants indicted for using the mails to defraud, where one of the codefendants had testified without objection that he had pleaded guilty, the prosecuting attorney could comment on that fact.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1670, 1671; Dec. Dig. ☞720(3).]

5. CRIMINAL LAW ☞1134(1)—REVIEW—SUSPENDED SENTENCE.
  Rulings by the trial court on an indictment, sentence under which was suspended, can be reviewed, notwithstanding the fact that imprisonment thereunder seems remote.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2986, 3056; Dec. Dig. ☞1134(1).]

6. CONSPIRACY ☞45—EVIDENCE—ADMISSIBILITY—CONTINUATION OF THE OFFENSE.
  Under an indictment which charged a conspiracy to use the mails to defraud in the sale of bonds of a real estate company, and alleged that the acts in furtherance thereof continued to a date which was within two years of the filing of the indictment, evidence that the office of the company was kept open up to that date after a date three years before the filing of the indictment was admissible to show that the prosecution was not barred.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 100–104; Dec. Dig. ☞45.]

7. CRIMINAL LAW ☞390—EVIDENCE—ADMISSIBILITY—INTENT OF CODEFENDANTS.
  Where two of four defendants jointly indicted for conspiracy had pleaded guilty, it was proper to refuse to permit them to testify as to their intent in doing certain acts, since their intent was not in issue, and they could only infer the intent of the defendant on trial, which inference was for the jury to draw.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 858; Dec. Dig. ☞390.]

In Error to the District Court of the United States for the Southern District of New York.

William H. Cooper was convicted of using the mails in furtherance of a scheme to defraud, and he brings error. Affirmed.

This case comes here on writ of error to review judgments of conviction on two indictments under sections 215 and 37 of the United States Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1130, 1096 [Comp. St. 1913, §§ 10385, 10201]). The first indictment charges the defendant, together with Claude J. Van Slyke, James A. Robinson and Ernest Sharp, with having devised a scheme to defraud and using the mails in furtherance of such scheme. The defendants Van Slyke and Robinson pleaded guilty and a severance was granted as to the

defendant Ernest Sharp. The court suspended sentence on the indictment under section 37 and the defendant Cooper was sentenced to imprisonment for a period of three years in the penitentiary at Atlanta upon the three counts of the indictment under section 215 of the Criminal Code.

Griggs, Baldwin & Baldwin, of New York City (Martin Conboy, of New York City, and Worth E. Gaylor, of counsel), for plaintiff in error.

H. Snowden Marshall, U. S. Atty., of New York City (Charles H. Griffiths, of New York City, of counsel), for the United States.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The controlling question in this controversy is whether the defendant, with others, devised a scheme to defraud Margaret N. Huckill, and other persons, by obtaining money, and property, from them by false and fraudulent statements regarding the resources and management of the New York Central Realty Company. Was it their purpose to use the money so received from said persons for their own use and benefit?

The scheme of the defendant Cooper, as charged, was that subsequent to 1905, acting with the other defendants, he issued mortgage bonds, secured by the real estate owned by the company, in sums greatly exceeding the value of the land covered by the mortgage and sold them to various parties by means of false statements as to their value, made through the mails and otherwise.

The government asserts that the bonds which the Realty Company put out and sold to the public with the representation that they were amply secured by the mortgage on the real estate were not so secured and that these representations of the defendant Cooper and of others connected with the company, express and implied, that the bonds were first class securities, were false and were made with intent to secure for his own benefit purchasers of securities the value of which was, to say the least, exceedingly doubtful.

[1] The questions whether a scheme to defraud was devised by the defendant and was carried out by the use of the mails were questions of fact with which this court is not concerned. We are to determine whether there was sufficient testimony to warrant the submission of these questions to the jury. Clearly, the court on his proof would not have been justified in ruling that there was no evidence on which the jury should pass. The questions of fact were clearly stated to them by the trial judge with a reference to the rules which were to determine their action and guide their deliberations. We have no doubt that upon the evidence adduced they were justified in reaching a verdict of guilty. If there was evidence to sustain it, this court cannot reverse the judgment.

[2] The proposition that the defendant's constitutional rights were invaded by the United States attorney's asking if a signature shown him was his, cannot be maintained. In order to save time and expedite the introduction of exhibits it was agreed between counsel that when there was no question regarding the signatures of the defend-

ant and others connected with the Realty Company being genuine, the paper in question might be received and no objection would be interposed that the signature was not proved. The question, in view of what had preceded it, was quite natural. We are convinced that the only object of the United States attorney was to save time by the admission of a fact which was a mere matter of routine.

[**3**] The question was, however, persisted in by the United States attorney after it became apparent that counsel for the defense objected. The situation is made sufficiently plain by a short extract from the record:

"The Court: Of course the United States attorney is presuming on the practice. I do not know of any objection prior to this time; but you don't have to admit it unless you want to and, therefore, he has to prove it.

"Mr. Conboy: My objection is, of course, to the request that we shall admit it.

"The Court: I do not see any objection to that because it seems to have been the course between you to make that request frequently, and in many cases it has been granted.

"Mr. Conboy: We except.

"The Court: However, in this case he will have to prove the signature before it is admitted. * * * I will say to the jury that there is no reason why you should admit it, if you don't want to, it is entirely a voluntary admission.

"Mr. Conboy: My objection is to being requested. * * *

"The Court: There is a question, they do not admit it, and you will have to prove it."

We cannot believe that this technical error, if it be one, produced the slightest injurious effect upon the jury. It seems to us that the contention that the defendant was prejudiced by what took place between court and counsel is too visionary to be considered.

[**4**] The statement by the assistant United States attorney that Robinson, a witness for the defense, had pleaded guilty would not have been proper were it not for the fact that Robinson had previously testified without objection that he had so pleaded. This being a fact in the case, we see no reversible error in referring to it. The statement was merely the iteration of a fact known to the jury and proved in the case.

The third indictment, found on February 4, 1914, is based upon section 37 of the Criminal Code, which makes it an offense for two or more persons to conspire to commit an offense against the United States. It charges the defendants, and other persons unknown, with a conspiracy to devise a scheme to defraud similar to that charged in the other indictments.

[**5**] The court suspended sentence under this indictment, but the defendant is entitled to have the action of the trial court reviewed, notwithstanding the fact that imprisonment thereunder seems exceedingly remote. We have examined the various objections to this indictment and those taken on the trial thereof and do not find any reversible error, either in the form of the indictment or the evidence relied on to sustain it.

[**6**] The indictment in question alleged that the conspiracy charged was carried on up to the 1st of March, 1912. The proof showed that

the indictment was found on February 4, 1914, and to avoid the statute of limitations it was necessary to show that the office of the Realty Company on Broadway was maintained after February 4, 1911, and prior to March 1, 1912, as charged. The court took great care to instruct the jury upon this question. As was said by the Supreme Court in United States v. Kissel, 218 U. S. 601, 31 Sup. Ct. 124, 54 L. Ed. 1168:

"The overt acts relied upon coming down to within three years of the indictment are alleged to have been done in pursuance of the conspiracy."

[7] The court correctly ruled that it was not competent for the defendants Van Slyke and Robinson to testify as to their intent in doing certain acts. They had pleaded guilty and their intent was not an issue in the case. Cooper's intent was an issue in the case, but these witnesses did not know what it was except as it could be inferred from his acts and this inference was for the jury to draw.

The trial of this action occupied nearly 4 weeks; the printed record contains 1,788 pages, the charge covers 74 pages and the jury deliberated over 10 hours.

It is rarely the case that the record of a trial of such magnitude and importance does not show that events occurred and rulings were made which, in the light of deliberate examination, might better have been omitted. In the present case, however, there are few such instances. We cannot avoid the conclusion that the defendant has had a perfectly fair and impartial trial and that no error occurred which would justify a reversal of the judgment. The issue was one of fact and the jury were fully justified in rendering a verdict of guilty.

The judgment is affirmed.