THE BUCHANAN & SMOCK LUMBER COMPANY v. THE EAST JERSEY COAST WATER COMPANY.

Submitted July 8, 1904—Decided November 7, 1904.

Defendant contracted with plaintiff, for a sufficient consideration, to furnish the latter with water for fire protection. By the terms of their contract it was agreed that the defendant should not "be liable, under any circumstances, for a deficiency or failure in the supply of water, whether occasioned by shutting off water to make repairs or connections, *or for any cause whatsoever." Held*, that by force of the last clause of this provision of the contract the defendant was relieved from liability for loss accruing to the plaintiff from a fire, the destructiveness of which was due to the neglect of the defendant to furnish sufficient water to extinguish it.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the rule, *Edmund B. Leaming.*

*Contra, Samuel A. Patterson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought to recover from the defendant the loss sustained by the plaintiff in the destruction of its buildings and their contents by fire,

the liability of the defendant, as it is contended, arising out of its negligence in failing to supply water for the extinguishing of the fire in accordance with the requirements of a contract entered into by the parties. By the terms of the contract the defendant agreed to furnish to the plaintiff "water for fire protection," and the plaintiff agreed to pay for the same at the rate of $15 per year for a period of five years. The contract further provided that the rules and regulations of the defendant company, a copy of which was recited to be annexed to it, were made a part thereof with like effect as though written therein. One of the rules referred to was in the words following: "The company reserves the right to shut off the water for alterations, extensions and repairs, and to stop and restrict the supply of water whenever it may be found necessary, and the company shall not be liable under any circumstances for a deficiency or failure in the supply of water, whether occasioned by shutting off water to make repairs or connections, or for any cause whatsoever."

The trial judge, during the progress of the case, held that the contract was a private one, between private parties, and for a private purpose, and the case was tried upon that theory. Consequently, the only matter now presented for consideration is the true construction of the clause in the rule cited, relieving the defendant from liability for a deficiency or failure in the supply of water; for the holding of the trial judge, above referred to, eliminated from the case the question whether a public agent (such as a water company usually is) may, by contract with the consumer, limit its liability for a failure in the supply of water agreed to be furnished due to its own negligence.

The meaning of the clause does not seem open to doubt. Except for its presence in the contract the liability of the defendant would have been absolute to respond for all damages sustained by the plaintiff by failure of the defendant to supply sufficient water for fire protection. *Middlesex Water Co. v. Knappmann Whiting Co.*, 35 *Vroom* 240. The

manifest object of its insertion was to do away with that absolute liability. By its terms the plaintiff agreed not to hold the defendant responsible for damages resulting from "a deficiency or failure in the supply of water whether occasioned by shutting off water to make repairs or connections or for any other cause whatsoever." The use of the word "whatsoever" is significant. If that word had not been present it might well be considered that the parties intended that the defendant should be relieved from responsibility only when the failure of water was due to some cause similar to those specifically mentioned, but "any cause whatsoever" embraces every possible cause, not only those arising out of the exigencies of the defendant's business but those resulting solely from the defendant's negligence. The plaintiff having agreed that the defendant should not be responsible for damages sustained by it, resulting from the failure of the latter to furnish it with sufficient water for fire protection, even though such failure was due to the negligence of the defendant, a verdict in its favor was without legal justification.

The rule to show cause should be made absolute.