## PEOPLE v. MARKHAM.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. CRIMINAL LAW—RIGHT OF APPEAL—JUDGMENT OF SPECIAL SESSIONS.

Code Cr. Proc. § 750, provides that from Courts of Special Sessions an appeal shall be allowed from an erroneous decision or determination of law or fact on the trial. Greater New York Charter, Laws 1901, p. 605, c. 466, § 1414, declares that, if any judgment or determination made by the Court of Special Sessions shall be adverse to the defendant, he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and, in case of any such appeal to the Supreme Court or Court of Appeals, the procedure and jurisdiction shall be the same as from a judgment of conviction after indictment. *Held*, that under such sections the right of appeal by a person convicted in a Court of Special Sessions was the same as that provided for in actions at General Sessions.

2. SAME—SUSPENDED SENTENCE.

Code Cr. Proc. § 517, declares that an appeal to the Supreme Court may be taken by the defendant from the judgment of conviction after indictment, and on appeal any actual decision in an intermediate order may be reviewed. Section 470a declares that, if a judgment is suspended after plea or verdict of guilty, the court may pronounce judgment at any time within the longest period for which defendant might have been sentenced. *Held* that, where a defendant was convicted by a Court of Special Sessions, but his sentence was suspended, there was no judgment from which he could appeal.

3. SAME.

Defendant having no constitutional right of appeal, it was immaterial that the conviction, as provided by Code Cr. Proc. § 470b might be proved against him to discredit his testimony as a witness.

Alden Markham was convicted of operating a motor vehicle. The court suspended sentence, and defendant appeals. On motion to dismiss appeal. Granted.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

R. C. Taylor, for the motion.

C. Livingston, opposed.

O'BRIEN, P. J.    The appellant was convicted by the Court of Special Sessions of unlawfully operating a motor vehicle in violation of chapter 538, p. 1311, of the Laws of 1904, but the court suspended sentence.    Appellant took an appeal from the conviction, and the District Attorney makes this motion to dismiss the appeal, upon the ground that in a criminal action an appeal can only be taken from a judgment, and that there is no judgment against the appellant in this action.

Section 750 of the Code of Criminal Procedure provides that from Courts of Special Sessions "an appeal may be allowed for an erroneous decision or determination of law or fact upon the trial."    Section 1414 of the Greater New York Charter (Laws 1901, p. 605, c. 466) is:

"If any judgment or determination made by the said Court of Special Sessions shall be adverse to the defendant, he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and may be admitted to bail upon an appeal in like manner; and if the judgment of the Supreme Court upon such an appeal shall be adverse to the defendant, he may appeal therefrom to the Court of Appeals as prescribed in the Code of Criminal Procedure.    In case of any such appeal to the Supreme Court or to the Court of Appeals, the procedure in, and the jurisdiction of, the said courts respectively shall be the same as from a judgment of conviction after indictment."

This section clearly shows that it was the intention of the Legislature to give the same right of appeal, and no broader right, from the Special Sessions that is provided for in actions at General Sessions.

Section 517 of the Code of Criminal Procedure provides that:

"An appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment.    *  *  *    And, upon the appeal, any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed by section four hundred and eighty-five, may be reviewed."

By this it appears that a right to appeal from a judgment is given, and from a judgment only.    People v. Bork, 1 N. Y. Cr. R. 393; People v. Merrill, 14 N. Y. 74; Tabor v. People, 90 N. Y. 248; People v. Hughes, 137 N. Y. 29, 32 N. E. 1105.

Section 470a, which is entitled "Suspension of Judgment," is as follows:

"If the judgment is suspended, after a plea or verdict of guilty or after a verdict against the defendant upon a plea of former conviction or acquittal, the court may pronounce judgment at any time thereafter within the longest period for which the defendant might have been sentenced; but not after the expiration of such period, unless the defendant shall have been convicted of another crime committed during such period."

In this section it clearly appears that where there is no sentence the judgment is suspended; that the judgment is the sentence of the court upon the verdict or finding of guilty, and to this effect are the adjudications of the courts.    In People v. Bork, 78 N. Y. 346, at page

350, the court said: "There was in the oyer and terminer a conviction, but sentence was suspended. There was therefore in that court no judgment, because the sentence is the judgment.". Bork v. People, 78 N. Y. 346, at page 350. "The judgment in a criminal case upon conviction is the sentence of the court." People v. Bradner, 107 N. Y. 1, at page 11, 13 N. E. 87, at page 91. "This sentence, as entered in the minutes of the court, became the judgment of conviction," etc. People v. Canepi, 181 N. Y. 398, at page 402, 74 N. E. 473, at page 474.

The appellant, however, contends that he has an appeal as a matter of right, inasmuch as the conviction herein under section 470b may be proved against him to discredit his testimony as a witness. While the position of the appellant is unfortunate, the difficulty with his contention is that there is no constitutional right of appeal. As said in People v. Dunn, 157 N. Y. 539, 52 N. E. 572, 43 L. R. A. 247, in reference to a similar contention:

"The opinion below has sufficiently answered it, in holding that no right of appeal. is guarantied by the Constitution, and that such a right is entirely within the legislative judgment."

The right to appeal being, therefore, a mere statutory one, and no appeal having been provided for in cases similar to the one at bar, it follows that the motion to dismiss the appeal must be granted. All concur.