### PEOPLE v. FLAHERTY.

(Supreme Court, Appellate Division, First Department. May 15, 1908.)

CRIMINAL LAW—APPEAL—SUSPENDED SENTENCE—COURT OF SPECIAL SESSIONS.
There being under Greater New York Charter, Laws 1901, p. 605, c. 466, § 1414, and Code Cr. Proc. § 517, no right to appeal to the Supreme Court from a conviction by the Court of Special Sessions, on which sentence is suspended, none is granted by Laws 1907, p. 1559, c. 685, amending Code Cr. Proc. § 750, so as to allow under the latter section an appeal from such a conviction; the title, of which such section is a part, having reference only to appeals to the County Court, the place of which in the city and county of New York is, by provision of section 961, taken by the Court of General Sessions.

Appeal from Court of Special Sessions of City of New York.

Cordelia Flaherty was convicted, and appealed. Motion by the people to dismiss the appeal from a judgment or determination of the Court of Special Sessions of the borough and city of New York, adjudging defendant guilty of a misdemeanor for having obtained lodging, food, and accommodation at a boarding house other than an emigrant lodging house without paying therefor, with intent to defraud the proprietor thereof, and for having surreptitiously removed her baggage from the boarding house after obtaining credit thereat without paying her bill, in violation of the provisions of section 382 of the Penal Code and suspending judgment on such conviction. Motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

William Tazewell Fox, for appellant.
Robert C. Taylor and Robert S. Johnstone, for respondent.

LAUGHLIN, J.   The motion is made upon the ground that the determination of the court convicting the defendant and suspending sentence without judgment is not appealable.   In People v. Markham, 114 App. Div. 387, 99 N. Y. Supp. 1092, the court held in July, 1906, that no appeal lies from a conviction on which sentence is suspended, because the right of appeal is statutory, and that appeals from the Court of Special Sessions in Greater New York were only authorized by section 1414 of the Greater New York charter (Laws 1901, p. 605, c. 466) in cases where an appeal lies from a judgment in an action prosecuted by indictment, which was regulated by section 517 of the Code of Criminal Procedure, which limited the appeal to an appeal from a judgment or conviction after indictment.   At that time, section 750 of the Code of Criminal Procedure, which was quoted in the opinion of this court as if applicable to appeals from the Courts of Special Sessions in Greater New York, provided as follows:

"An appeal may be allowed for an erroneous decision or determination of law or fact upon the trial."

The Legislature, at its next session after that decision was announced, amended said section 750 of the Code of Criminal Procedure by chapter 685, p. 1559, Laws 1907, by adding thereto the following clause, to wit:

"And for the purpose of an appeal in all cases now pending or hereafter brought, a conviction of a criminal offense shall be deemed a final judgment, although sentence shall have been suspended by the court in which the trial was had, or otherwise suspended or stayed."

It is now urged in behalf of the motion that this amendment only applies to appeals from Courts of Special Sessions and other inferior courts of criminal jurisdiction authorized to be taken to the County Court, and does not apply to appeals from Courts of Special Sessions in Greater New York, which may only be taken to the Supreme Court. Section 1414, Greater N. Y. Charter; Laws 1901, p. 605, c. 466; Section 517, Code Cr. Proc.

It is quite probable that the author of the amendment to section 750 of the Code of Criminal Procedure herein quoted intended to change the rule as stated in People v. Markham, supra, when a defendant convicted of a crime is deprived of the right to review the conviction, because the court, perhaps of its own motion or on the recommendation of the prosecuting officer and without the consent of the defendant, saw fit to suspend sentence, instead of pronouncing judgment on the conviction; and it may well be that he fell into error in deeming that this would be effected by the amendment to said section 750, owing to the inadvertent reference to that section in the opinion of this court in the Markham Case as if applicable to such appeals.   It is to be borne in mind, however, that by no reasonable construction could the amendment be made applicable to that large class of convictions on indictments where sentences are suspended, which are clearly left, as before the amendment, without the right to the defendant of an appeal.   The amendment, therefore, in no view shows a legislative intent to change the rule in all cases, and it must be construed as applicable only to those appeals authorized by title 3 of part 5 of the Code of

Criminal Procedure, in which section 750 of the Code of Criminal Procedure is found, and to which it related before the amendment. That title still relates, as is shown by section 751, to some appeals from convictions in inferior courts in the county of New York. It is clear, however, that it only relates to such appeals as are authorized to be taken to the County Court. Of course, there is no County Court in the county of New York; but there is a Court of General Sessions and, by virtue of the provisions of section 961 of the Code of Criminal Procedure, that is deemed the County Court for the purposes of the provisions of that Code. Section 1404 of the Greater New York Charter preserves and continues the right of appeal from judgments and other determinations of city magistrates to the Court of General Sessions of the Peace. It is thus evident that said title 3 of part 5 of the Code of Criminal Procedure applies to and regulates appeals to the Court of General Sessions from determinations made by the city magistrates. It appears, however, that section 1414 of the Greater New York charter authorizes appeals from the Courts of Special Sessions to the Supreme Court only in the same manner that appeals to this court are taken and heard from judgments on conviction after indictment, which are regulated by section 517 of the Code of Criminal Procedure. There is no apparent reason why there should be a right of appeal to this court from a suspension of sentence in the Court of Special Sessions, and no such right where sentence is suspended in the Court of General Sessions, which, as already observed, can on no theory be covered by the amendment under consideration. The conclusion is therefore inevitable that the amendment confers no right of appeal from a suspended sentence in the Court of Special Sessions, and the scope of the amendment must be confined to appeals authorized to be taken to the County Court and to the Court of General Sessions.

It follows that the motion to dismiss the appeal should be granted. All concur.