# WILLIAM S. SYMINGTON III, IVAN MARTY, W. PENFIELD BROWN AND WILLIAM HOFFMAN

## *vs.*

## STATE OF MARYLAND.

*Criminal law: suspended sentences; Section 294, Article 27 of Code, Volume 3; no appeals.*

Under Section 294, Article 27 of Volume 3 of the Code, the court has the power to suspend sentence, and in case of minors to parole them in the custody of their fathers, and this discretion can not be questioned or reviewed.                    p. 453

Such suspension relieves the traverser from the penalty prescribed in the Act, and, since there is no judgment or sentence pronounced, no appeal will lie.                          p. 454

*Decided January 14th, 1919.*

Appeal from the Circuit Court for Baltimore County. (McLANE, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Henry H. Dinneen,* for the appellants.

*Ogle Marbury, Acting Attorney General,* and *Philip B. Perlman, Assistant Attorney General,* (with whom were *Albert C. Ritchie, the Attorney General,* and *George Hartman, State's Attorney for Baltimore County,* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellants were convicted in the Circuit Court for Baltimore County upon an indictment drawn under Chapter 88 of the Acts of 1892, codified as *Section* 294, *Article* 27 *of the Code, 3rd Volume.* They filed a demurrer to the indictment and this being overruled, they filed two special pleas. Their first plea set up a former acquittal of the offense charged, and the second plea alleged that they had been once in jeopardy for the offense for which they were indicted. The State demurred to each plea, and the Court sustained the demurrer. The traversers then plead not guilty, and a jury by which they were tried found them guilty. The Court suspended sentence, and paroled each one of the traversers in the custody of his father. From this action of the Court this appeal is taken.

The section of the Code referred to, and under which the Court acted, provides that:

> "The courts may suspend sentence generally or for a definite time, and may make such orders and impose such terms as to costs, recognizances for appearance, or matters relating to the residence or conduct of the convicts as may be deemed proper; and if the convict is a minor, the courts may also make such orders as to his detention in any care or custody as may be deemed proper."

It is conceded in the case that all of the appellants are minors, and the Court had the undoubted power to suspend the sentence and parole the traversers in the custody of their respective fathers. This power and discretion are not, and can not be questioned, and having exercised this discretion we are of opinion that no appeal will lie from the order appealed from, because there is no final judgment entered in the case from which an appeal could be taken. The statute under which the appellants were convicted provides that they shall upon conviction "be fined not less than fifty dollars nor more than one hundred dollars, or be imprisoned in the county or

city jail, or the penitentiary or house of correction, for not less than six months or more than four years, or be both fined and imprisoned as aforesaid, in the discretion of the Court."

In 16 *Corpus Juris*. 1265-66, it is stated, upon the authority of numerous cases cited, that: "A sentence is the judgment of the Court before which the trial in a criminal case is had, formally declaring to the accused the legal consequences of the guilt which he has confessed, or of which he has been convicted. Briefly, it is the judgment against the accused * * *. In ordinary criminal legal parlance judgment and sentence have the same meaning, and in most jurisdictions there is no distinction between them, but under some statutes the sentence is distinct and independent of the judgment for the purpose of appeal, etc." In this case the suspension of sentence, which relieved the appellants from the penalty prescribed by the Act, was in legal effect and meaning the suspension of judgment, and where there is no sentence or judgment pronounced, no appeal will lie. *Fleet* v. *State,* 73 Md. x (unreported); *State* v. *Brewer,* 59 Atl. 31.

No final judgment having been entered in the case the appeal must be dismissed.

*Appeal dismissed, with costs.*