The rule to show cause will be made absolute.

---

THE STATE, DEFENDANT IN ERROR, v. JOSEPH BON-GIORNO ET AL., PLAINTIFFS IN ERROR.

Submitted July 7, 1921—Decided December 15, 1921.

A suspended sentence, in a criminal case, is not a final determination of the case and a writ of error will not lie to review the conviction until the sentence is actually pronounced.

On error to the Passaic County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiffs in error, *Harry H. Weinberger.*

For the state, *J. Willard De Yoe.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The indictment in this case charges the plaintiffs in error with an assault with intent to commit a rape upon one Olive Boyd. The trial resulted in a

verdict of guilty against each of them, and the court there-
upon suspended sentence. The present writ is sued out to test
the validity of the conviction.

The prosecutor of the pleas contends that the writ is pre-
maturely issued; that in a criminal case the sentence of the
court is the final judgment; and that until it is pronounced
there can be no review on error. On the other hand, counsel
for plaintiffs in error insists that the suspension of a sentence
is a final determination of the case, and that by such action
the court, in the absence of an enabling statute, has exhausted
its power with relation to the case after the expiration of the
term at which the cause was tried, this being the rule of the
common law with relation to the pronouncing of sentence.
*State* v. *Gray,* 37 *N. J. L.* 368.

If the question presented was one of first impression, we
should hesitate to hold that the suspension of a sentence and
the pronouncement of a sentence are in legal effect one and
the same thing. But the matter is not an open one in this
court. In the case of *State* v. *Addy,* 43 *N. J. L.* 113, it is de-
clared that the practice of suspending sentence in criminal
cases has long been in vogue in this state, and it is intimated
that where such a course has been pursued, it is in the power
of the court at any time, upon motion of either party, to
bring the case forward and pass any lawful order or judgment
thereon. Later, the question came before the court again in
*State* v. *Brewer,* 59 *Atl. Rep.* 31, and we held that the sus-
pension of a sentence was not a final determination of the
case and that a writ of error would not lie to review a convic-
tion in such a case until the sentence was actually pro-
nounced. These cases we consider controlling upon us.

A very full and interesting discussion of the whole matter
will be found in the case of *State* v. *Osborne.* 79 *N. J. Eq.*
430, in an opinion delivered by Vice Chancellor Garrison,
upon a hearing had upon a writ of *habeas corpus.* He thus
expresses his conclusion: "In the State of New Jersey, if a
defendant has pleaded *nolo contendere* or guilty or has been
convicted upon trial, the court has the power, if the defendant
does not object thereto, and, therefore, is assumed to assent

thereto, to refrain from pronouncing a judgment or sentence, and may at a subsequent time hale the defendant before it and impose the punishment in the same manner that it would have been justified in pronouncing it upon the very day when the case was first ripe for sentence."

The writ of error will be dismissed.