## UNITED STATES v. LECATO et al.

Circuit Court of Appeals, Second Circuit.
December 3, 1928.

No. 151.

Sydney Rosenthal, of Long Island City, N. Y. (George C. Lay, of New York City, of counsel), for appellants.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge. ▮▮▮ The indictment was in six counts, of which the first three charged the defendants with having in their possession a still not registered with the collector of internal revenue, one count covering each of three separate stills. The jury brought in a verdict of not guilty on the fourth and fifth counts, but convicted on the first, second, third, and sixth; the last being for the maintenance of a nuisance under the National Prohibition Act. 27 USCA. At the close of all the evidence the defendants moved to dismiss the three first counts, on the ground that they did not charge a crime; the judge denied the motion and sentenced the defendants on these counts. He suspended sentence upon the sixth count.

After what we have recently said in United States v. Dibella, 28 F.(2d) 805, filed October 29, 1928, it is not necessary to deal at length with the validity of the first three counts. Revised Statutes, § 3258 (26 USCA § 281), is still in force, but by section 281c (5 USCA) of the Prohibition "Reorganization Act" the duties imposed by it upon collectors have devolved upon the Secretary of the Treasury, who may distribute them as he thinks fit. By article 18 of Prohibition Regulation 3, the Secretary has imposed them upon prohibition administrators. It is therefore no longer a crime to possess a still not registered with the collector of the district, if it be properly registered with the administrator. The government argues that the defect is like misnaming the statute under which the crime is laid (U. S. v. Nixon, 235 U. S. 231, 235, 35 S. Ct. 49, 59 L. Ed. 207), but the trouble goes deeper, because the indictment lays no crime at all, unless it would have been good without any allegation whatever as to registration. But the charge must contain all the elements of the offense, at least unless the statute contains an exception or a proviso. We need not here go into the refinements which grew up about that subject. Here the section defines the crime in a single sentence, of which a necessary element is that the possessor shall not have registered the still. Giacolone v. U. S., 13 F.(2d) 108 (C. C. A. 9), is not to the contrary. Apparently the indictment there alleged that the still was not registered at all, which was enough, and the only question was where lay the burden of proof on that issue. That does not necessarily depend upon the pleadings, and the court did not suggest that it did under this statute. The burden was

put upon the defendant because of his more convenient access to the facts. Goodfriend v. U. S., 294 F. 148 (C. C. A. 9); McCurry v. U. S., 281 F. 532 (C. C. A. 9). The three first counts should have been dismissed.

The appeal from the suspension of sentence was premature. The only judgment in a criminal prosecution is the sentence, and when sentence is suspended there is no judgment from which to appeal. This has been substantially the uniform ruling whenever the question has arisen, in the absence of some statute allowing an appeal. Hill v. People, 10 N. Y. 463; People v. Bork, 78 N. Y. 346; People v. Markham, 114 App. Div. 387, 99 N. Y. S. 1092; People v. Flaherty, 126 App. Div. 65, 110 N. Y. S. 699; State v. Vaughan, 71 Conn. 457, 42 A. 640; Fleet v. State (Md.) 21 A. 367; Symington v. State, 133 Md. 452, 105 A. 541; Com. v. Carver, 224 Mass. 42, 112 N. E. 481; State v. Brewer (N. J. Sup.) 59 A. 31; State v. Bongiorno, 96 N. J. Law, 318, 115 A. 665; State v. McKettrick, 13 S. C. 439; Gibson v. State, 96 Tex. Cr. R. 428, 257 S. W. 1101; People v. Hartman, 23 Cal. App. 72, 137 P. 611. The only cases which we have found to the contrary are State v. Griffis, 117 N. C. 709, 23 S. E. 164, and our own decision in Cooper v. U. S. (C. C. A.) 232 F. 81. In North Carolina the rule appears to be that the defendant must consent to a suspended sentence, State v. Tripp, 168 N. C. 150, 83 S. E. 630; and it is not enough that he does not protest. Defendants usually do in fact consent, and the distinction would in most cases be unreal, but on this record an appeal would apparently lie in that state.

Our own decision was made without citation or discussion, and apparently without acquaintance with the body of authority to the contrary; it seems to us that it can no longer stand in its face. When Congress passed the Probation Law (18 USCA §§ 724–727) it must be understood to have intended the system so established to be construed in the same sense as it had been in the states from which it was borrowed, Metropolitan R. Co. v. Moore, 121 U. S. 558, 572, 573, 7 S. Ct. 1334, 30 L. Ed. 1022. Nor is there any serious injustice involved; a defendant may at any time insist upon the imposition of sentence, if so minded, and if he prefers to remain under probation rather than to take his chances, no grave evil results. At any rate, if it be thought desirable that he should have an appeal, the law is too well settled for us to change it.

Judgment reversed on counts 1, 2, and 3; appeal dismissed on count 6.