THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMILY PRINGLE, Relator, v. CHARLES LIVINGSTON, Superintendent of the Onondaga County Penitentiary, Respondent.

Supreme Court, Onondaga County, January 15, 1930.

476

*Saul Kauffman,* for the relator.

*Clarence Unckless, District Attorney,* for the respondent.

LEWIS (EDMUND H.), J.   On March 6, 1929, in the Court of Special Sessions, Syracuse, N. Y., the relator pleaded guilty to violation of section 1146 of the Penal Law and was thereupon fined $100 and sentenced to one year in the Onondaga County Penitentiary. At the same time the sentence of one year was suspended " on condition that she get legitimate employment and keep out of trouble."

On October 24, 1929, the relator was again brought before the same Court of Special Sessions, at which time, according to the record before me upon this proceeding, the following was stated: " By Mr. Crowley (appearing for the Relator): She pleads guilty for violation of parole. It is a question of violation of suspended sentence. On the day in question there was no violation of crime in this house. We are waiving that right, and Mrs. Pringle, the mother of the defendant, will take her home and will promise she will not get into any further trouble. I ask you to be as lenient as possible. She, I understand, lives on West Pleasant in this city. By the Court: No, I can't do that. I will sentence her to six months on this charge of violation of suspension of sentence. As to the other charge of violation of suspension of sentence I will dismiss that. That is 142–518 in Book. I will dismiss that, the defendant having been sentenced for violation of her other sentence."

In support of her demand for release the relator contends that her detention is illegal because the justice of the Court of Special Sessions had no authority to modify the original sentence imposed upon her on March 6, 1929, or to arbitrarily revoke the suspended sentence. She further contends that her detention is illegal because no original certificate of her conviction was on file in the office of

the clerk of the county of Onondaga, nor is there any such original certificate in existence.

While counsel for relator has questioned the accuracy of the stenographic record of her plea, the court upon this proceeding is bound by that record which is before it in the moving papers. From that record it appears that on October 24, 1929, more than seven months after her original sentence on March 6, 1929, the relator pleaded guilty to a violation of suspended sentence and was thereupon sentenced to imprisonment for six months in the Onondaga County Penitentiary by reason of such violation.

A violation of section 1146 of the Penal Law constitutes a misdemeanor. When such a violation is committed in the city of Syracuse and the accused is brought before the Court of Special Sessions, or a justice thereof, that court has jurisdiction of the offense in the first instance. (Laws of 1928, chap. 188, § 2, subd. 1.)

It follows, upon the record in this proceeding that the Court of Special Sessions of the city of Syracuse had jurisdiction of the offense charged against the relator. It is also clear that the sentence imposed by the Court of Special Sessions was well within the maximum punishment which could have been imposed under the statute applicable thereto. (Penal Law, § 1937; Laws of 1928, chap. 188, § 15.)

Having jurisdiction of the case and upon relator's plea to the offense charged, the action taken thereupon by the court was within the authority granted by section 2188 of the Penal Law. As imprisonment under the original sentence had not commenced, it is clear that under this statute " at any time within the term of * * * defendant's * * * sentence to which (she) is liable," viz., one year from March 6, 1929, the Court of Special Sessions had the power to " revoke the order suspending sentence or its execution and * * * impose such sentence or make such commitment as might have been made at the time of the conviction." (Penal Law, § 2188.) This is precisely the course pursued.

The validity of relator's later sentence of six months cannot be questioned upon the ground that its period terminated after the expiration of the first sentence of one year had been suspended. Such a conclusion would defeat the fundamental purpose of a suspended sentence.

" The whole theory of the right to suspend sentence is based upon a different exercise of power than that of the imposition of sentence. If Courts of Special Sessions have power to suspend sentence, this implies the power, at the expiration of the suspension, to complete the work. Otherwise the announcement of a suspension of a sentence would be a discharge. A suspension means an

interregnum of the period between conviction and final judgment. The power is worthless, and does not in fact exist, if a suspended right to impose a sentence may not be exercised at the termination of the period of suspension." (*People ex rel. Dunnigan* v. *Webster*, 14 Misc. 617, 618; affd., 1 App. Div. 631.)

Any other construction of section 2188 would not be in accord with the statutory mandate that the provisions of the Penal Law " must be construed according to the fair import of their terms, to promote justice and effect the objects of the law." (Penal Law, § 21.)

Upon the question of the sufficiency of the certificate of relator's conviction filed in the office of the clerk of the county of Onondaga, a copy of which was delivered to the superintendent of the Onondaga County Penitentiary, I cannot agree with relator's contention.

Section 721 of the Code of Criminal Procedure provides in part as follows: " When a conviction is had upon a plea of guilty, or upon a trial, the court must make and sign a certificate in substantially the following form: * * * " Then follows the form prescribed by statute. The certificate of conviction, the validity of which is questioned by the relator, is in substantial compliance with the statutory form. Instead of being signed by the justice of the Court of Special Sessions it appears to have been signed by the clerk. Authority for this manner of execution is found in Laws of 1928, chapter 188, section 18, by which statute the clerk of the Court of Special Sessions is granted power to " make and sign executions, commitments and *certificates of conviction and to certify to and sign copies thereof.*"

The certificate in question, executed in the manner described above, was filed in the office of the clerk of the county of Onondaga within twenty days after the conviction, as required by section 723 of the Code of Criminal Procedure. A copy thereof having thereafter been delivered to the superintendent of the Onondaga County Penitentiary, I conclude that the certificate of conviction and the manner of its use in connection with the relator's imprisonment were sufficient in law.

An order may be issued dismissing the writ of habeas corpus heretofore granted in this proceeding and remanding the prisoner to the custody of the superintendent of the Onondaga County Penitentiary to serve the remainder of her sentence in accord with the provisions of law applicable thereto.