## BIRNBAUM v. UNITED STATES.
### No. 4573.

Circuit Court of Appeals, Fourth Circuit.
Dec. 2, 1939.

Herman H. Levy, of New York City (Hilary W. Gans, of Baltimore, Md., on the brief), for appellant.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., for appellee.

Before PARKER and SOPER, Circuit Judges, and DOBIE, District Judge.

PARKER, Circuit Judge.

The appellant Philip Birnbaum was indicted in the court below for violation of the mail fraud statute, 18 U.S.C.A. § 338, and the Securities and Exchange Act as amended, 15 U.S.C.A. § 77q and, under Sec. 37 of the Criminal Code, 18 U.S.C.A. § 88, for conspiracy to violate these statutes. He was acquitted on the counts charging substantive offenses but convicted on the conspiracy count. An order was thereupon entered that sentence be suspended and that he be released on probation for a period of three years. From this order he has appealed; and motion is made to dismiss the appeal on the ground that suspension of imposition of sentence is not a final judgment from which an appeal lies.

We think that the motion to dismiss must be allowed. The appellate jurisdiction of this court extends only to the review of "final decisions" of the District Courts, except in a limited class of cases not here material. 28 U.S.C.A. § 225. And an order suspending sentence and releasing a prisoner on probation is in no sense a final decision. It is the mere deferring of sentence, which in a criminal case is the final judgment. "Final judgment in a criminal case means sentence". Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204; Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702. When the sentence is imposed and merely its execution suspended, there is a final judgment not subject to change by the court; and appeal will thereupon lie. Berman v. United States, supra. But until sentence is imposed, the whole matter of punishment rests in the court's discretion. It is argued that an order suspending sentence and admitting one convicted of crime to probation is in effect a sentence disposing of the case; but the answer to this is that where sentence is suspended it can be pronounced at any time during the period of probation and hence the order is not final. If viewed as a judgment, it is interlocutory and not final in character. Appeal at this stage of the proceedings would be fragmentary and would deny to the appellate court the advantage of having before it the complete disposition of the case by the court below. The importance of this can be readily appreciated when it is remembered how often error with respect to one count in an indictment is held harmless in view of concurrent punishment imposed under another count. Congress has indicated no intention to permit such fragmentary appeals in criminal cases.

While the exact question here presented has not been decided by the Supreme Court, great weight must be accorded the fact that in the Berman case, supra, that court carefully distinguished a case of this sort from one where the sentence was imposed and only its execution suspended. In holding that appeal lay in the latter case, the court said: "Here, the imposition of the sentence was not suspended, but only its execution. The sentence was not vacated. It stood as a final determination of the merits of the criminal charge. *To create finality it was necessary that petitioner's conviction should be followed by sentence* (Hill v. [United States ex rel.] Wampler, [298 U.S. 460, 56 S.Ct. 760, 80

L.Ed. 1283], supra) but when so followed the finality of the judgment was not lost because execution was suspended. In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation * * * on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' " (Italics supplied). The language quoted is, of course, determinative of the question here; and this question was so closely involved in the distinction made that we would not be justified in ignoring the court's clear expression with regard thereto.

■ The exact question before us was carefully considered by the Circuit Court of Appeals of the Second Circuit in United States v. Lecato, 2 Cir., 29 F.2d 694, in which a prior decision of that court with respect to the matter was overruled. The Lecato decision was followed by United States v. Levinson, 2 Cir., 54 F.2d 363 and United States v. Knickerbocker Fur Coat Co., 2 Cir., 66 F.2d 388, in which certiorari was denied by the Supreme Court (Levinson v. United States, 284 U.S. 685, 52 S.Ct. 204, 76 L.Ed. 579; Zuckerkandel v. United States, 290 U.S. 673, 54 S.Ct. 91, 78 L.Ed. 581). In the Lecato case Judge Learned Hand for the Court cited the authorities and stated the rule applicable, in which we concur, as follows [29 F.2d 695]:

"The appeal from the suspension of sentence was premature. The only judgment in a criminal prosecution is the sentence, and when sentence is suspended there is no judgment from which to appeal. This has been substantially the uniform ruling whenever the question has arisen, in the absence of some statute allowing an appeal. Hill v. People, 10 N.Y. 463; People v. Bork, 78 N.Y. 346; People v. Markham, 114 App.Div. 387, 99 N.Y.S. 1092; People v. Flaherty, 126 App.Div. 65, 110 N.Y.S. 699; State v. Vaughan, 71 Conn. 457, 42 A. 640; Fleet v. State (Md.) 21 A. 367; Symington v. State, 133 Md. 452, 105 A. 541; Com. v. Carver, 224 Mass. 42, 112 N. E. 481; State v. Brewer (N.J.Sup.) 59 A. 31; State v. Bongiorno, 96 N.J.L. 318, 115 A. 665; State v. McKettrick, 13 S.C. 439; Gibson.v. State, 96 Tex.Cr.R. 428, 257 S. W. 1101; People v. Hartman, 23 Cal.App. 72, 137 P. 611. * * * When Congress passed the Probation Law (18 U.S.C.A. §§ 724–727) it must be understood to have intended the system so established to be construed in the same sense as it had been in the states from which it was borrowed, Metropolitan R. Co. v. Moore, 121 U.S. 558, 572, 573, 7 S.Ct. 1334, 30 L.Ed. 1022. Nor is there any serious injustice involved; a defendant may at any time insist upon the imposition of sentence, if so minded, and if he prefers to remain under probation rather than to take his chances, no grave evil results. At any rate, if it be thought desirable that he should have an appeal, the law is too well settled for us to change it."

■ Upon the oral argument, we were impressed, or at least the writer was, by the fact that release under probation necessarily involves a limitation upon the liberty of the accused, and also by the importance of securing a prompt review of the errors alleged to have been committed upon the trial. Further consideration, however, has convinced us that little weight should be given these considerations. An accused whose liberty is limited pending sentence is certainly in no worse case than an accused deprived of his liberty pending trial. Ordinarily he welcomes the opportunity to have sentence suspended and to be admitted to probation. If he objects to probation and desires a sentence from which he can appeal for the purpose of reviewing the trial, all that he need do is ask that sentence be imposed. It is true, as argued, that the statute vests in the trial judge discretion either to suspend the sentence or merely to suspend its execution; but it would unquestionably amount to an abuse of the discretion thus vested for the judge to refuse to impose sentence when requested by one who desired a final judgment from which he might prosecute an appeal. Such an abuse of discretion could be corrected by mandamus or by proceeding in the nature thereof. There is little danger, however, that trial judges will refuse to pronounce final judgments from which appeals can be prosecuted, where parties desire to appeal. The danger is rather that the efficiency of the system of appellate review provided by statute may be appreciably impaired if fragmentary appeals in criminal cases are permitted.

For the reasons stated, the appeal will be dismissed.

Appeal dismissed.