### HITE *v.* STATE
[No. 47, October Term, 1951.]

*Decided December 7, 1951.*

604.

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *John M. Robb* for appellant.

*A. T. Hartman, Special Assistant Attorney General,* with whom was *Hall Hammond, Attorney General,* and *Paul M. Fletcher, State's Attorney for Allegany County,* on the brief, for appellee.

MARBURY, C. J., delivered the opinion of the Court.

This court issued the writ of *certiorari* in this case under the provisions of Sec. 104 of Article 5 of the Annotated Code, because it was made to appear by the petition of Walter Hite, now designated the appellant, that decisions had been made with respect to him which were not in accord with the decisions in other circuit courts, and it was desirable, and in the public interest, that the questions raised should be reviewed. While the record does not show any contrary decisions in other circuits, it does show that certain decisions were made in this case which are not in conformity with what is the settled law.

Hite was tried in the Juvenile Court of Allegany County on January 3, 1951, on a warrant for non-support, and, after a hearing, was sentenced to ten days in the county jail. This sentence was suspended and he was paroled on condition that he pay up his delinquency, and pay $15.00 weekly as a regular payment. On January 11, 1951, a warrant was issued for him for violation of his parole. After trial, he was found guilty and sentenced to six months in the House of Correction. He filed an appeal to the Circuit Court, and, on April 20, 1951, he was tried in the Circuit Court and sentenced to confinement in the Maryland House of Correction for two years. After the writ of *certiorari* had been granted, the trial judge filed a *nunc pro tunc* opinion in which

he stated that the case was heard *de novo* on appeal upon the insistence of Hite's attorney. He said that the records of the Juvenile Court show that Hite had been presented in the Juvenile Court fourteen times in connection with the non-support of his wife and minor child, and that he was almost continuously delinquent.

The case was tried under the Juvenile Court Act for Allegany County, which is Chapter 976 of the Acts of 1945. The act provides for the trial of any person charged by law with the care of any child, who wilfully neglects or refuses to support or maintain it. (Sec. 374) This provision authorizes the magistrate for juvenile causes to impose sentence, or to suspend sentence, and place the party charged under probation. Sec. 374(b) provides, among other things, for the bringing of any adult who may be on probation before the magistrate charging him with violation of the probation. The magistrate is then authorized to continue the proceedings and finally dispose of them as fully as if there had been no suspension of sentence in the first place. This last section is relied upon by the trial court and the State to authorize the magistrate to impose the new six months sentence. Sec. 374AAA provides that any person aggrieved by any order passed under the act may, within ten days thereafter, file appeal to the Circuit Court for Allegany County, where the case shall be tried *de novo*. There was some question about the time of the appeal in this case but the court decided that it was in time and no point is made as to that by the State. The Circuit Court and the State rely on this section to justify the hearing of the entire case *de novo*, and not merely the case involving the violation of parole. It is under this section that the court imposed the two-year sentence.

A suspension of sentence by a magistrate carries with it the same rights of the parolee as a suspension by a court, or a conditional pardon by an executive. In the case of a conditional pardon, this court has placed itself in agreement with the case of *Fleenor v. Hammond,* 116

F. 2d 982, 132 A. L. R. 1241, and has held that a parole cannot be revoked without first giving the parolee a hearing, and that this is a requirement of due process of law. *Wright v. Herzog,* 182 Md. 316, 322-323, 34 A. 2d 460; *State ex rel. Murray v. Swenson,* 196 Md. 222, 76 A. 2d 150. The case before us here does not involve a general suspension of sentence, or as it is sometimes termed, a suspension of the imposition of sentence, which would not be a final determination of the case. In *Symington, III v. State,* 133 Md. 452, 105 A. 541, 542, this court said that such a suspension of sentence "was in legal effect and meaning the suspension of judgment, and where there is no sentence or judgment pronounced, no appeal will lie." In so holding this court cited the case of *State v. Brewer,* N. J. Sup. 59 A. 31, where an accused had been found guilty of non-support and the court had suspended the imposition of sentence. A writ of error was issued to the Supreme Court of New Jersey, and the court said: "Such a writ will only lie to review a final judgment, and no final judgment has yet been entered in this case, its rendition having been indefinitely postponed." This court also cited as authority the unreported case of *Fleet v. State,* 73 XIV. That case was where there had been an adjudication of guilty on a charge of fraudulent voting, but no sentence had been pronounced. An appeal was taken, but the court held that there was no final judgment from which an appeal could be taken. In the case of *Pritchett v. State,* 140 Md. 310, 117 A. 763, the court had before it a conviction for non-support of a wife under a statute which provided for a fine or imprisonment, or both, but also, as an alternate, that instead of imposing such punishment, or in addition, an order might be passed requiring the defendant to pay a certain sum weekly to his wife and to release him from custody on probation. The trial court did not impose a fine, or sentence the defendant to imprisonment, but adopted the alternate remedy of directing him to pay a weekly sum. An appeal was taken from that order, and the court said that he had

a right of appeal to this court because no other punishment could thereafter have been imposed upon him unless he had failed to comply with the terms of the order, and that this therefore was a final order. The distinction between the *Symington* and the *Pritchett* cases is discussed in *Kelly v. State,* 151 Md. 87, 100-101, 133 A. 899. The court there said that it is better practice to impose the penalty, and then, if adjudged advisable, to suspend the sentence. The Legislature has now changed the law laid down in *Symington, III, v. State, supra,* and provided that there shall be an appeal in all cases where sentence has been suspended by the court. Article 27, Sec. 680 (Act of 1927, Chapter 608). *Glickman v. State,* 190 Md. 516, 520, 60 A. 2d 216. The new statute, however, does not alter the distinction between suspension of imposition of sentence and suspension of execution of sentence. It merely makes both appealable.

In the case at bar, a sentence was imposed, after which the sentence was suspended on condition. It is not a situation where the court or magistrate is authorized to continue proceedings and finally dispose of them as if there had been no suspension in the first place, as provided by Sec. 374(b). That section refers to situations where no sentence had been imposed, and there had been a general suspension without the actual imposition of sentence. Where a sentence is imposed, and then suspended, the original case is finished and Sec. 374(b) does not authorize a change.

When Hite was brought in the second time, he was charged with violation of his parole, and the only question before the magistrate was whether he had violated his parole. If he had so violated it, as the magistrate found he had, the magistrate could then strike out the suspension, leaving the original sentence to stand, but he had no power to sentence Hite a second time for the same offense. On appeal from the hearing on violation of parole, the court had no power to hear the original case which had not been appealed. Appellant's agreement or insistence could not confer such power. All the

court could do would be to hear the parole case. It could, of course, hear that *de novo,* and if it agreed with the magistrate that there had been a violation of parole, it should have stricken out the new sentence imposed by the magistrate, and sent the accused to serve his original ten-day sentence. Since the magistrate had no power to impose an additional sentence, neither had the court. Of course, if the appeal had been from the original sentence, then the court could have modified it, or changed it, or enlarged it within the limits provided by the statute, but there was no appeal from the original sentence, and therefore it must stand as the only valid sentence in the case.

It does not appear that there are many decisions elsewhere on this exact question. (11 University of Chicago Law Review 290, Note 13). In some jurisdictions, statutes have been passed authorizing a change of sentence. The Federal Probation Act was such a statute, but in the case of *Roberts v.* U. S., 320 U. S. 264, 64 S. Ct. 113, 88 L. Ed. 41, it was held not to be effective to do away with the distinction between suspension of the imposition of a sentence and the suspension of the execution of the sentence. On the other hand, some state courts have construed such statutes to be valid and effective. *People ex rel. Pringle v. Livingston,* 135 Misc. 475, 239 N. Y. S. 122. *State v. Pascal,* 133 N. J. L. 528, 45 A. 2d 179. However, we are not concerned here with any such statute None has been passed in Maryland, and we cannot construe the provisions of the local law for Allegany County as changing what we conceive to be the general law on the subject. Had the Legislature intended to make such a change, it could very readily have said so in plain words, but this it did not do.

The judgment and sentence of the Circuit Court for Allegany County will be reversed and the case remanded so that an order may be passed directing the carrying out of the original sentence imposed by the magistrate. We are advised in the appellant's brief that he has been in the House of Correction since April, 1951, so,

if this is correct, he will of course now be entitled to be released. Nothing we have said in this opinion, however, will prevent his being prosecuted again if he fails to support his child.

*Judgment reversed and case remanded.*