**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Joseph GRAS, Defendant-Appellant.**

**No. 30710.**

United States Court of Appeals, Fifth Circuit.

June 22, 1971.

8

Colbert N. Coldwell, El Paso, Tex. for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Ralph E. Harris, El Paso, Tex., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

The defendant was indicted for violation of the Dyer Act, transportation of a stolen motor vehicle from Texas to Mexico, knowing the same to have been stolen. Defendant was a member of the Armed Services (United States Army). Upon arraignment on June 5, 1970, represented by court-appointed counsel, Mr. Colbert N. Coldwell, he entered a plea of guilty which was accepted, and the district court thereupon suspended the imposition of sentence and placed defendant on probation for a period of 5 years in accordance with the provisions of § 5010(a), Title 18, United States Code (Youth Corrections Act), further providing that the probation should be without supervision so long as the defendant remained in the United States Army.

On August 4, 1970, a motion for revocation of probation was filed by the United States Attorney, alleging violation of the conditions of probation, and on August 20, 1970, the district court entered an order revoking probation and committing the defendant to the custody of the Attorney General for an indefinite period in accordance with the provisions of § 5010(b), Title 18, United States Code.

At the hearing on revocation of probation on August 20, 1970, the defendant was not represented by counsel, and it was from such omission that this appeal arose. There was colloquy before the court as follows:

"Question by the United States Attorney:

'MR. HARRIS: You have a right to be represented by an attorney during this proceeding. Are you represented by an attorney?

MR. GRAS: Yes sir, Mr. Coldwell.

MR. HARRIS: Your Honor, Mr. Coldwell was appointed to represent the Defendant.

THE COURT: I don't appoint anybody to represent you at a revocation. I don't appoint anybody. Go ahead. You have the right to hire somebody if you want to but the Court will not appoint anybody. You want to hire somebody?

MR. GRAS: Yes sir.

THE COURT: Have you got the funds to hire one with?

MR. GRAS: My mother has.

THE COURT: I will give you a chance to hire someone if you want to take steps to do it. Now bring him back next Monday. All right.' "

And further,

" 'MR. COLDWELL: I will tell the Court that I will have to stay with him. I feel that is my obligation.

THE COURT: You may represent him if you want to. If you feel that you may do so.

MR. COLDWELL: Am I being told that I will not be entitled to compensation?

THE COURT: Certainly. I am not appointing you, if you want to stand with him and represent him—I told him he could hire someone and he said his mother was going to. I am not going to appoint you or any other attorney for a rare occasion proceeding.' "

The dispute between the court and counsel Coldwell was upon whether Coldwell would be compensated for appearing at the revocation hearing, and because of the court's ruling Coldwell refused to appear.

The district judge was obviously laboring under the apprehension that he was not authorized to allow compensation under the Criminal Justice Act to a court-appointed attorney for appearing at a hearing to revoke a suspended sentence. Until the recent amendment of the Criminal Justice Act, effective February 11, 1971, it was generally believed that such compensation was not allowable for an attorney appearing for an indigent at a revocation hearing, although compensation was allowed in such a case by the United States District Court for the Southern District of California in United States v. Boyden, 248 F.Supp. 291 (1965).

But the hearing on August 20, 1970, was not a hearing to revoke a suspended sentence, for the defendant had never been sentenced. The defendant was not sentenced by the order of June 6, 1970, as such order expressly suspended the imposition of sentence. The case was still open.

> "In a criminal case final judgment means sentence; and a void order purporting permanently to suspend sentence is neither a final nor a valid judgment. United States v. Lecato, [29 F.2d 694] *supra*, at p. 695; State v. Bongiorno, 96 N.J.L. 318, 115 A. 665; People v. Bork, 78 N.Y. 346, 350; State v. Vaughan, 71 Conn. 457, 458, 42 A. 640; Symington v. State, 133 Md. 452, 454, 105 A. 541. If the suspension be for a fixed time, the case undoubtedly remains on the docket of the court until disposed of by final judgment. There is no good reason, in our opinion, why a different rule should obtain where the order of suspension, though expressly made permanent, is void. Such an order is a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence. Compare In re Bonner, 151 U.S. 242, 259–262, 14 S. Ct. 323, 38 L.Ed. 149; G. Amsinck & Co. v. Springfield Grocer Co., 7 F. 2d 855, 858; Hammers v. United States, 279 F. 265, 266; Biddle v. Thiele, 11 F.2d 235, 236–237; Bryant v. United States, 214 F. 51." Miller v. Aderhold, 288 U.S. 206, 210–211, 53 S. Ct. 325, 177 L.Ed. 702, cf. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393; Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497; Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204; Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

The proceedings and order of August 20, 1970, at which defendant was denied assistance of counsel, are vacated. The defendant will be afforded his Sixth Amendment rights to have the assistance of counsel for his defense at all stages of the proceedings unless expressly waived. Counsel representing the appellant on remand will be entitled to compensation in accordance with the provisions of the Criminal Justice Act if the appellant is financially unable to obtain counsel for himself.

Vacated and remanded.