EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>　　Recurrido<br><br>　　v.<br><br>Gustavo Javier Rodríguez Meléndez<br>　　Peticionario | Certiorari<br><br>2000 TSPR 41 |
| --- | --- |

Número del Caso: CC-1999-0197

Fecha: 10/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Roberto González Rivera

Abogados de la Parte Peticionaria: Lcdo. Erik A. Rosado Pérez

Oficina del Procurador General:　　Lcda. Rose Mary Corchado Lorent
　　　　　　　　　　　　　　　　　　　Procuradora General Auxiliar

Materia: Ley 54

　　　　Este documento constituye un documento oficial del Tribunal
　　　　Supremo que está sujeto a los cambios y correciones del
　　　　proceso de compilación y publicación oficial de las
　　　　decisiones del Tribunal. Su distribución electrónica se hace
　　　　como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

         v.                            CC-1999-197     Certiorari

Gustavo Javier Rodríguez
Meléndez

    Acusado-peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 10 de marzo de 2000

¿Tiene jurisdicción el Tribunal de Circuito de Apelaciones para acoger como apelación la solicitud para revisar un fallo de culpabilidad de un convicto a quien, en virtud de un trámite especial no se le dictó sentencia, y se concedió la libertad a prueba?

I

Gustavo J. Rodríguez Meléndez, fue acusado de infringir el Art. 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, 8 L.P.R.A. sec. 631. Dicho artículo tipifica como delito el maltrato contra cónyuge, ex-cónyuge, la persona con quien se sostuviere o se haya sostenido una relación consensual, o con quien se haya procreado hijo o hija.

Previo juicio, el Tribunal de Primera Instancia, Sala Superior de Guayama, (Juez, Hon. José A. Gutiérrez Núñez), **lo declaró culpable** y señaló fecha para la lectura de sentencia. Oportunamente, el tribunal optó por no dictar sentencia y a tenor con el Art. 3.6 de la Ley Núm. 54,[1] sometió a Rodríguez Meléndez a libertad a prueba.

Inconforme con el **fallo condenatorio**, Rodríguez Meléndez acudió al Tribunal de Circuito de Apelaciones mediante recurso de apelación. En mostración de causa, el Procurador General expuso que la resolución sometiendo a un convicto a libertad a prueba era inapelable, pues el derecho a apelar precisaba de una sentencia. Argumentó además, que la apelación interpuesta por Rodríguez Meléndez era indicativa de su falta de arrepentimiento por los hechos cometidos, lo que frustraba el propósito de la libertad a prueba, la cual debía dejarse sin efecto y en su lugar dictarse sentencia. En contra, éste sostuvo que apelar una decisión del tribunal de instancia era un

---

[1] "Una vez celebrado el juicio y convicto que fuere o que el acusado haga alegación de culpabilidad por cualesquiera de los delitos tipificados en este Capítulo, el tribunal podrá, motu proprio o mediante solicitud del Ministerio Fiscal o de la defensa, suspender todo procedimiento y someter a la persona convicta a libertad a prueba, sujeto a que ésta participe en un programa de reeducación y readiestramiento para personas que incurren en conducta maltratante en la relación de pareja.
....
Si la persona beneficiada con la libertad a prueba que establece esta sección incumpliere con las condiciones de la misma, el tribunal previo celebración de vista podrá dejar sin efecto la libertad a prueba y procederá a dictar sentencia." 8 L.P.R.A. sec. 636.

derecho, no un acto demostrativo de falta de conciencia. No obstante, indicó que no tenía objeción a que su recurso fuese acogido como certiorari a fin de que se atendieran sus méritos.

Tras evaluar esos argumentos, Circuito decidió acoger el recurso como certiorari. Sin embargo, a solicitud del Procurador General, en reconsideración, desestimó por falta de jurisdicción al estimar que la ausencia de sentencia hacía el asunto inapelable. A petición de Rodríguez Meléndez revisamos.

II

El Art. 4.002(a) de la Ley de la Judicatura de 1994, según enmendada, dispone que el Tribunal de Circuito de Apelaciones conocerá mediante recurso de apelación de toda **sentencia final** dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de abolición. 4 L.P.R.A. sec. 22K(a). Hemos definido sentencia final como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa. De Jesús Maldonado v. Corporación Azucarera, res. en 29 de junio de 1998, 98 TSPR 84, y casos allí citados.

De otra parte, la Regla 162 de Procedimiento Criminal define **sentencia** como el pronunciamiento hecho por el Tribunal sobre la pena impuesta al acusado.

En esencia, la contención del Procurador General es que ambas acepciones son equivalentes; esto es, la

controversia en un proceso penal no finaliza hasta la imposición de la pena y, por tanto, no puede ser apelada hasta ese momento. En oposición, Rodríguez Meléndez aduce que es el fallo -pronunciamiento hecho por el Tribunal condenando o absolviendo al acusado; Regla 160- el dictamen que pone término al proceso, siendo la culpabilidad o inocencia del acusado lo crucial en un procedimiento penal. Ambos descansan en lo resuelto en Pueblo v. Vélez, 76 D.P.R. 142 (1954), donde haciendo referencia al estatuto federal que autoriza al juzgador a suspender la ejecución de una sentencia condenatoria o su imposición, expusimos "se ha resuelto uniformemente que cuando el tribunal sentenciador suspende la ejecución de la sentencia contra un acusado y pone a éste en libertad a prueba, la misma resulta ser una sentencia final y, por ende, apelable. Korematsu v. United States, 319 U.S. 432, 87 L. ed. 1497; Berman v. United States, 302 U.S. 211, 82 L. ed. 204; Birnbaum v. United States, 107 F.2d 885, 126 A.L.R. 1207; Commonwealth v. Smith, 198 Atl. 812, 814; United States v. Lombardo, 174 F.2d 575; Orfield, Criminal Procedure From Arrest to Appeal (1947), pág. 584. **Asimismo, que cuando el tribunal juzgador meramente declara culpable al acusado, suspende la imposición de la sentencia y pone a éste en libertad a prueba, su actuación al efecto no constituye una sentencia final y no es por tanto apelable. Korematsu v. United States, supra;**

Orfield, op. cit., supra; Cf. United States v. Beekman, 155 F.2d 580." (Énfasis nuestro).

Distinto a lo expresado, Korematsu resuelve que la suspensión de la imposición de la sentencia -como ocurrido en el caso de autos-, no es óbice para recurrir en apelación de un fallo condenatorio siempre que se le imponga al acusado alguna medida disciplinaria que lo mantenga sometido a la autoridad del Tribunal. En ese caso se razonó que la probatoria pre-sentencia era una modalidad de la pena, de carácter rehabilitador, que no se distinguía substancialmente de la probatoria post-sentencia.

### III

La polémica ante nos emana del principio jurídico anglosajón de fuerte arraigo que de ordinario equipara la finalidad de la decisión en un caso penal con el acto de sentencia.[2] Por esta razón, ha sido común la visión de que la disponibilidad del derecho de apelación se da en casos donde se suspende la **ejecución de una sentencia impuesta**. Berman v. U.S., 302 US 211 (1937); U.S. v. Albers, 115 F2d 833 (1940), CA2 NY); State v. Heron, 374 P2d 871 (1962); People v. Silva, 241 Cal App 2d 80 (1966, 4th Dist); Hite v. State, 198 Md. 602 (1951); State v. Miller, 225 NC 213 (1945); State v. Vaughn, 105 Or App 518 (1991). Así resolvimos en Pueblo v. Vélez, supra.

---

[2] John H. Derrick, Appealability of Order Suspending Imposition or Execution of Sentence, 51 ALR 4th 939 (1987).

La aplicación automática del mencionado principio y los estatutos reguladores de la práctica apelativa de algunos estados, han llevado a concluir que la suspensión de la imposición de la sentencia hace el fallo de culpabilidad inapelable. Véase, State v. Shannon, 60 Wash 2d 883 (1962); State v. Lynch, 679 SW 2d 858 (1984, Mo); State v. Kottenbroch, 319 NW2d 465 (1982, ND). Sin embargo, en la mayoría de los estados y en la jurisdicción federal se ha establecido la apelabilidad de un fallo condenatorio aun cuando se haya suspendido la imposición de la Sentencia. Korematsu v. U.S., 319 U.S. 432 (1943); Corey v. U.S., 375 U.S. 169 (1963); Burton v. Superior Court of County of Maricopa, 27 Ariz App 797 (1977); People v. Berkowitz, 137 Cal Rptr 313 (1977); McDonald v. U.S., 415 A2d 538 (1980, Dist Col App); Schultz v. State, 700 So. 2d 56 (1997); People v. Sims, 32 I11 2d 591 (1965); State v. Longmore, 178 Neb 509 (1965); Adamo v. McCorkle, 13 NJ 561 (1953). Ante esquema legales especiales, acogemos este último curso decisorio. Veamos.

No hay duda que el **fallo** es la determinación que pone fin a la cuestión central –culpabilidad o inocencia de un acusado– en un procedimiento penal. Los efectos de un fallo pueden ser variados y están contemplados de antemano por las leyes. Así, el Art. 3.6 de la Ley de Violencia Doméstica, supra, otorga discreción al Juez para que luego de una **determinación** de culpabilidad (fallo) "suspend[a] todo procedimiento y somet[a] a la persona convicta a

libertad a prueba" siempre que cumpla con las condiciones provistas por ley. Este mecanismo alterno a la sentencia clásica revela que el fallo de culpabilidad es lo que convierte al allí acusado en convicto. Mientras exista una determinación de culpabilidad[3] y esté sometido a la jurisdicción del Tribunal o el caso no se haya sobreseído, el recurso apropiado para cuestionar el dictamen de culpabilidad será la apelación interpuesta oportunamente a tenor con la Ley de la Judicatura, y las Reglas 193 y 194 de Procedimiento Criminal.

Por las razones expuestas se dictará sentencia revocatoria y ordenará al Tribunal de Circuito de Apelaciones que asuma jurisdicción sobre la apelación.


ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

---

[3] Como sabemos cuando el acusado hace alegación de culpabilidad, el recurso apropiado para revisar la sentencia lo es el certiorari. Art. 4.002(d) Ley de la Judicatura, 1994. Regla 193 de Procedimiento Criminal.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido


        v.                           CC-1999-197      Certiorari


Gustavo Javier Rodríguez
Meléndez

    Acusado-peticionario



SENTENCIA



San Juan, Puerto Rico, a 10 de marzo de 2000


       Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se revoca la Resolución del Tribunal de Circuito de Apelaciones de fecha 5 de enero de 1999 y ordena al Tribunal de Circuito de Apelaciones que asuma jurisdicción sobre la apelación.

       Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                       Isabel Llompart Zeno
                        Secretaria del Tribunal Supremo